Morton J.
delivered the opinion of the Court. If the judge of probate for the county of Nantucket was interested in the estate of Nathaniel Russell deceased, he had no jurisdiction in the case, and the administration granted by him was void. The settlement of an estate under the authority of a judge interested in it, would be as inconsistent with the principles of natural justice as it is repugnant to the positive enactments of the legislature.
That it is improper for a judge of probate to undertake to act as the attorney or agent of an heir, or person interested in an estate within his jurisdiction, and that such trust requires of him duties incompatible with the correct discharge of his official functions, is obvious. The legislature have expressly prohibited him from becoming the agent or attorney of any person, in any case which may have relation to any sentence or decree passed by him in his office.[1] But we think this not such an interest as would oust him of his jurisdiction and render his official acts void.
That a creditor of an estate is interested within the meaning of St. 1817, c. 190, § 5, we can have no doubt. The quantum of interest is immaterial ; but whenever there is a direct interest, however small in amount, the statute is imperative.[2]
*484 A judge of probate having a demand against the estate a person deceased, is not necessarily so interested that he can have no jurisdiction over the estate. He may relinquish or discharge his demand. The estate of Russell was represented insolvent, and had no claim been presented by the judge, or had it been disallowed by the commissioners, he would not have been interested. His claim would have been barred by the insolvency. But his claim was presented and allowed, and in the distribution of the estate, and in other questions arising in the settlement of it, he had a direct interest.
The judge of probate for the county of Nantucket being interested in the estate, it can only be settled in the Probate Court of the county of Barnstable.[3] The judge of probate for the latter county was bound to take cognizance of the application, and to grant letters of administration. He having refused to do this, the decree must be reversed and the pa pers remitted to him, that the estate may be settled according to law, in this county.[4]

 See Revised Stat, c. 83, § 26.

 See Revised Stat. . 83, § 15.

 See Revised Stat. c. 83, $ 15.

 See Judge of Probate v. Gillotson, 6 N. Hamp. R. 297