ALVIN HALL *vs.* EDWARD C. THAYER & another.

A judge of probate is disqualified by personal interest to appoint his wife's brother admin-
istrator of the estate of a deceased person, of which her father is a principal creditor;
and such a decree of appointment is void.

APPEAL from a decree of the probate court dismissing a peti-
tion of Alvin Hall for the appointment of an administrator with
the will annexed of the estate of Warren Hunt; submitted to
the determination of the full court on these facts agreed:

"Warren Hunt, late of Douglas, died June 7, 1867, leaving a
last will and testament, which was admitted to probate July 2,
1867, in the probate court for the county of Worcester, and a
decree approving and allowing said will was entered, and letters
testamentary were issued thereon to Francis W. Hunt, the execu-
tor named therein, who gave a probate bond in the ordinary form
and took upon himself the execution of the trust. Said executor
represented the estate insolvent, December 30, 1868; and on
January 5, 1869, commissioners were appointed to receive and
examine claims. On February 16, 1869, Francis W. Hunt re-
signed the trust, and was discharged therefrom by the judge of
said court.

"On March 2, 1869, Edward C. Thayer and Fenner Batcheller
were upon their own application appointed by said judge admin-
istrators with the will annexed of the estate of the deceased not
already administered, and gave bonds for the discharge of the
trust, and letters of administration were issued to them. At a
meeting of the commissioners, Joseph Thayer, of Uxbridge, pre-
sented a claim against the estate for $3939.34, consisting of two
promissory notes made by the deceased in his lifetime; and the
same was allowed by the commissioners, who afterwards made
their report into the court allowing it, and the report was ac-
cepted by said judge. The claim was held by Joseph Thayer
at the decease of Warren Hunt; and he has ever since been, and
is now, the holder thereof. The estate of the deceased is insuffi
cient to pay his debts in full.

" Henry Chapin, Esquire, was during all said time, and is now the judge of said court, and sat and acted as such judge in all said proceedings, signed said decree, issued and signed the letters testamentary and letters of administration, and approved the probate bonds, which run to him by name in the usual form of such bonds. During said time the judge was related to Joseph Thayer and to Edward C. Thayer, as follows : the wife of the judge was the daughter of Joseph Thayer and the sister of Edward C. Thayer, the latter being the son of Joseph Thayer.

" On October 8, 1869, the appellant, being a creditor of the deceased, signed and filed in said court the following paper : ' In the matter of the will of Warren Hunt, deceased. And now Alvin Hall, of Douglas, in the county of Worcester, comes and objects that Henry Chapin, Esquire, judge of probate and insolvency for said county, is disqualified from acting in said matter, for the following reasons, namely : 1. That Joseph Thayer, of Uxbridge, in said county, is a creditor of the estate of the said Hunt, to the amount of four thousand dollars, and said Thayer is the father in law of the said judge. 2. That Edward C. Thayer, of said Uxbridge, claims to be the administrator with the will annexed of said estate, and is unlawfully acting as such, and is the brother in law of the said judge.'

" The appellant at the same time presented in said court a petition, dated October 5, 1869, ' that the will of Warren Hunt, late of Douglas, in said county, deceased, was duly proved and allowed on July 2, 1867, in said court, and Francis W. Hunt appointed executor thereof, and that said executor was removed from said office upon his own petition to said court, without having fully executed said will; that the petitioner is a creditor of the deceased; and that his claim is not disputed ; wherefore your petitioner prays that Horace Leland, of Sutton, in said county, or some other suitable person, may be appointed administrator with the will annexed of the estate of the deceased not already administered.'

" On November 25, 1869, a decree dismissing this petition was entered in said court " by Charles Mattoon, Esquire, the judge of probate for the county of Franklin, acting in the place and at the

request of the judge for the county of Worcester, at a probate court on that day held at Worcester, "it appearing," in the language of the decree, "that the will of said deceased was duly proved and allowed on the second day of July, A. D. 1867, by said court, and that on the second day of March, A. D. 1869, Edward C. Thayer and Fenner Batcheller were duly appointed administrators with the will annexed of said estate, and gave bonds accordingly, and that said Thayer and Batcheller have not resigned nor been removed from said trust, but are still in the performance thereof; and all parties interested having been notified according to the order of court, and objecting said Thayer and Batcheller thereto."

"On December 17, 1869, Hall claimed an appeal in due form to this court from said decree, and gave due notice thereof in said probate office and filed therein his reasons of appeal, and gave due notice thereof to the said Edward C. Thayer and Fenner Batcheller, who appeared to oppose said petition." The reasons were as follows: "1. Because the facts set forth in said petition are true, and the prayer thereof ought to have been granted. 2. Because Edwin C. Thayer and Fenner Batcheller were never duly and legally appointed administrators with the will annexed of said estate, and never gave bond for the discharge of said trust; nor was any bond given by them duly approved, nor any letters of administration with the will annexed upon said estate legally issued and granted to them by any judge of probate having jurisdiction of said estate, and any such bond and letters of administration are illegal, void, of no force or validity."

*G. F. Hoar & T. L. Nelson*, for the appellant.

*P. E. Aldrich*, for the appellees.

CHAPMAN, C. J. The provision of art. 29 of our Declaration of Rights, that "it is the right of every citizen to be tried by judges as free, impartial and independent as the lot of humanity will admit," rests upon a principle so obviously just, and so necessary for the protection of the citizen against injustice, that no argument is necessary to sustain it, but it must be accepted as an elementary truth. The impartiality which it requires incapacitates one to act as a judge in a matter in which he has any pecu-

niary interest, or in which a near relative or connection is one of the parties. It applies to civil as well as criminal causes; and not only to judges of courts of common law and equity and to probate, but to special tribunals, and to persons authorized on a special occasion to decide between parties in respect to their rights. It existed under the common law from the earliest times. Thus sheriffs by whom jurors were selected in England, and jurors, were subject to it, and it was held that consanguinity between the sheriff or juror and either of the parties, or affinity by marriage of either party himself with the cousin of the sheriff or a juror, or e converso, were principal causes of challenge to the array or to the polls. Bac. Ab. Juries, E.

This court has had occasion to consider this constitutional provision in a variety of its aspects, and to state some of its limitations.

In *Williams* v. *Robinson*, 6 Cush. 333, the principle is stated in application to a police court; and where the judge had heard the plaintiff state the facts in a case and thereupon had a bias or prejudice in his favor, it was held that he properly declined to act in the case, and called in the special justice, on the ground that he could not properly take jurisdiction.

In *Sigourney* v. *Sibley*, 21 Pick. 101, it was held that, where a judge of probate had a claim against the estate of a deceased person, he had no jurisdiction as to the settlement of the estate, though he did not intend to enforce his demand. It was held that the amount of his claim was immaterial, till a statute was passed limiting the disqualification to cases where his claim exceeded one hundred dollars, exclusive of interest. Gen. Sts. c. 119, § 4. This is perhaps a reasonable limitation. If the judge is interested as a debtor to the estate, he is disqualified. *Gay* v. *Minot*, 3 Cush. 352. So if he is a creditor merely in his capacity of executor of another estate. *Bacon, appellant*, 7 Gray, 391. But the interest must be legal or beneficiary, and not a mere general interest in the prosperity of the town he lives in. *Northampton* v. *Smith*, 11 Met. 390.

The principle applies to county commissioners, though they are not judicial officers. It was decided that the interest which an inhabitant of a town has in the laying out of a highway, which

runs partly through the town, did not disqualify him from acting as a commissioner in laying out the way; nor the fact that his brother was one of the signers of a petition for laying out the way. *Wilbraham* v. *County Commissioners,* 11 Pick. 322. But not long after this decision was made, the legislature passed an act, which is still in force, disqualifying a commissioner from acting in respect to a road, if any part of it lies within the town where he resides. Gen. Sts. *c.* 17, § 12. *Tolland* v. *County Commissioners,* 13 Gray, 12.

The principle applies to a juror. *Davis* v. *Allen,* 11 Pick. 466. Also to an appraiser of land set off on execution. The sheriff appointed a brother in law of the creditor as an appraiser; and the levy was held void, for that reason. *Wolcott* v. *Ely,* 2 Allen, 338. *McGough* v. *Wellington,* 6 Allen, 505. It applies to a referee, though referees are selected by the parties, unless the objection is known and waived. *Fox* v. *Hazelton,* 10 Pick. 275. *Strong* v. *Strong,* 9 Cush. 560, 574.

These decisions show that the provision is to have no technical or strict construction, but is to be broadly applied to all classes of cases where one is appointed to decide the rights of his fellow-citizens. It is not necessary to cite other cases from this or other states, or from England, to explain or illustrate the principle.

There can be no doubt that it applies to this case, if the judge of probate passed upon matters in which his father in law or his brother in law had a pecuniary interest adverse to other persons who were to be affected by his decision.

The facts stated are, that Warren Hunt had died testate; the will had been proved; the executor named in the will had taken upon himself the trust, and had represented the estate insolvent; commissioners had been appointed to receive and examine claims; and then the executor had resigned his trust, and was discharged. Soon afterwards, namely, March 2, 1869, Edward C. Thayer and Fenner Batcheller were upon their own application appointed administrators with the will annexed. Thayer was a brother of the judge's wife, and her father was, and had been from the first, a large creditor of the estate, and proved his claim before the commissioners.

A creditor, though he is interested as such in the administration of the estate, is not thereby disqualified to be administrator. On the contrary, by Gen. Sts. *c.* 94, § 1, a principal creditor has a right to be appointed, if the widow and next of kin do not act; and it is generally the case that administration is committed to persons having not only a pecuniary interest in the estate, but being related to the parties in interest. But the duties of the office are executive, and not judicial; and in all his acts an executor or administrator is strictly accountable to the judge of probate, at the instance of any party interested. If no one appears to take administration, the judge of probate appoints such person as he deems fit.

It is an office to which a pecuniary value is attached, and adverse interests may be involved, not only in the appointment but in all the proceedings of the administrator. As to many of the questions that arise the judge must act judicially : for example, whether the applicant is a suitable person; what shall be the amount of the bond to be given ; who are sufficient sureties ; what notices shall be given; and what proceedings shall be had in cases of alleged fraud or embezzlement ; also, all matters of account, and many other matters requiring the decision of questions in which the interest of adverse parties is involved. The whole proceeding requires impartiality on the part of the judge ; an impartiality that disqualifies him to act where a father in law or a brother in law is a party, and takes away his jurisdiction.

The defect is incurable. It does not depend upon the motives with which the judge acted. No wrong motives are imputed to the judge in this case. But it is said by Chief Justice Shaw, in *Gay* v. *Minot*, 3 Cush. 352, 354, that, the case being *coram non judice*, the first probate was not voidable merely, but void; incapable of being made good by confirmation, waiver or ratification on the part of those interested. The same is true as to county commissioners. *Tolland* v. *County Commissioners*, 13 Gray, 12. This was said in application to a case where the judge was merely indebted to the estate in a small note, secured by mortgage, and the executors had been named by the testator, and after probate of the will they had sold the note for its full value,

We cannot doubt that this case is within that principle; and that some other judge should have been called to act, in conformity with the provisions of the statute.

The appointment of Thayer and Batcheller being void, the petition of Hall, the appellant, was properly presented; and, it having been dismissed by the judge of probate who acted, he had a right of appeal to this court. It cannot be acted upon in this court without a hearing before a single justice. It must therefore

*Stand for a hearing.*