## P. EMORY ALDRICH & others, appellants.

A judge of probate is not disqualified from granting probate of a will, approving the executor's bond, issuing letters testamentary or accepting the resignation of the executor, by reason of the fact that one of the creditors of the estate is his father-in-law, if such creditor is not a party to the proceedings before him.

APPEAL from a decree of the Probate Court, held by George White, Esquire, acting judge, dismissing a petition filed July 3, 1871, by P. Emory Aldrich, F. P. Goulding and Asa Thayer, praying that an instrument presented might be admitted to probate as the will of Warren Hunt, and that the petitioners might be appointed administrators of his estate with the will annexed, the executor named therein having declined the trust.

Warren Hunt died in June 1867, and in July his will was admitted to probate, and letters testamentary issued to Francis W. Hunt, the executor named therein, who gave bond, which was approved by the judge of probate. The executor represented the estate insolvent, and commissioners were appointed to receive and examine claims, and subsequently the executor resigned his trust and his resignation was accepted. And in March 1869, Edward C. Thayer and Fenner Batcheller were appointed by the judge administrators with the will annexed of the estate of the deceased not yet administered. All these proceedings were had before Henry Chapin, Esquire, who was and is judge of probate for the county.

Joseph Thayer, at the death of the deceased, was a principal creditor of his, having a claim against him for about $4000; he presented this claim to the commissioners, who allowed it, and their report was accepted by the judge. During all the proceedings in the Probate Court the judge was the son-in-law of Joseph Thayer and knew of this claim against the estate of the deceased, which was insolvent at the deceased's death; and Edward C. Thayer was the brother-in-law of the judge.

In October 1869, Alvin Hall, a creditor of the deceased, presented a petition to the Probate Court, praying for the appointment of an administrator with the will annexed of the estate of

the deceased not yet administered; but the court dismissed the petition on the ground that administrators had been already appointed; the petitioner appealed, on the ground that the former appointment of administrators was void, and this court sustained the appeal and ordered the petition to stand for hearing. See *Hall* v. *Thayer*, 105 Mass. 219.

The reasons assigned for the dismissal of the present petition by the acting judge were that the questions raised by the petitioners were still pending in this court on the petition of Hall, and also that the will had been duly proved.

On the above facts, which were agreed, the case was reserved by *Chapman*, C. J., for the consideration of the full court.

*P. E. Aldrich & F. P. Goulding*, for the appellants.

*G. F. Hoar & T. L. Nelson*, for the appellees.

WELLS, J. These proceedings were commenced upon the assumption that the former proceedings, including the probate of the will, were all void.

In the case of *Hall* v. *Thayer*, 105 Mass. 219, it was decided that the judge of the Probate Court could not act upon an application for the appointment of his own brother-in-law as administrator *de bonis non* with the will annexed. One of the reasons of appeal in that case was that Joseph Thayer is a creditor of the testator, and is father-in-law of said judge; and certain expressions of the chief justice in giving the opinion are pointed out as indicating that the decision was based as well upon that ground as upon the other, that one of the persons appointed was brother-in-law of the judge. We do not think those expressions justify the inference; especially when the whole opinion is regarded in view of the case as stated in the report.

On page 223, it is said of the provision in the Declaration of Rights, requiring impartiality in judges, " There can be no doubt that it applies to this case, if the judge of probate passed upon matters in which his father-in-law or his brother-in-law had a pecuniary interest adverse to other persons who were to be affected by his decision;" and on page 224 that it disqualifies a judge " to act where a father-in-law or a brother-in-law is a party."

Upon the case as stated it appeared that the estate was insol-vent, and that the judge had proceeded to appoint commissioners and to accept their report allowing the claim of his father-in-law, who was a creditor to the amount of nearly $4000. This made the remarks, above quoted, not only applicable to the case, but also illustrative of the principle. And the principle was dis-tinctly stated, in the outset of the opinion, to be that a judge is incapacitated to act " in a matter in which he has any pecuniary interest, or in which a near relative or connection is one of the parties."

From the concluding paragraph of the opinion it is manifest that the adjudication of invalidity reached, and was intended to reach only to the single proceeding upon the application for appointment of administrators *de bonis non.* The petition, then before the court, was for a new appointment, displacing those who were holding the office under the appointment supposed to be void. It did not ask for the probate of the will anew ; but assumed the validity of the proceedings up to the point when a relative or connection of the judge became a party to them. That petition, which had been dismissed by the probate court, was ordered to stand for a hearing before a single justice in this court, for the purpose of making an appointment of some proper person as administrator *de bonis non,* in accordance with the prayer thereof. That of course could not be done if the original probate of the will was also void. In such case it would have been necessary for that petition to be dismissed, and new proceed-ings commenced for probate of the will, as the parties have under-taken to do in the case now before us.

The disposition of the former case was in reality an adjudica-tion of the validity of the probate of the will, of the bond and letters testamentary, and of the acceptance of the resignation of the executor.

But counsel, understanding that decision differently, have ar-gued the question now, not only upon the effect of that opinion, but upon general principles; or, rather, upon the application of those principles to the facts of the case. It becomes necessary therefore to consider and state, more explicitly than before, their

bearing upon the different aspects of the case, as presented by the several steps or stages in the course of the settlement of the estate of the testator.

The general propositions require no further discussion : namely, 1, that a judge cannot act in any matter in which he has himself a pecuniary interest; 2, or in which a near relative or connection is one of the parties ; 3, that a brother-in-law or father-in-law is such a connection.

In the present case the judge had no pecuniary interest. If he was disqualified to act in any matter relating to the estate, except that of the appointment of his brother-in-law, which has been declared void, it must have been solely by reason of the fact that his father-in-law was a creditor of the estate ; and as it is now agreed, a principal creditor.

But a creditor is no party to proceedings for the probate of the will. He has no interest in the matter, and is not affected by it. Indeed a creditor of a solvent estate has no interest in and is not affected by any proceedings in the settlement thereof except the adjustment and payment of his own claim. For the protection of that interest against waste and possible insolvency, he may make himself a party. He is entitled to do so in order to require the executor or administrator to furnish suitable bonds ; and in certain cases he may claim the right to have the administration committed to himself, or to be heard upon the selection of an administrator. Whenever he does so become a party, the judge who is his near connection cannot act in the matter. But his remote and contingent interest, for the protection of which the law gives him the right to become a party to proceedings before the court, does not of itself make him such, unless he sees fit to exercise that right.

It has indeed been held that when a judge of probate is interested as a creditor or debtor of the estate he is disqualified to take any jurisdiction over the proceedings for its settlement. *Sigourney* v. *Sibley*, 21 Pick. 101. *Gay* v. *Minot*, 3 Cush. 352. At the time of those decisions the power of administration was exclusive in the judge of probate of the county where jurisdiction was exercised. It was in him rather as a judicial officer, than as

a court. Rev. Sts. *c.* 83, §§ 5, 6. Whenever he was interested, in any manner, in the settlement of the estate, the entire proceedings were transferred to the probate court of the most ancient adjoining county. He was deprived of his jurisdiction altogether. Rev. Sts. *c.* 70, § 1; *c.* 83, § 15. Accordingly it was held in *Sigourney* v. *Sibley* that the judge of probate, who was a creditor, could not even make partition of real estate among heirs; not because he had any possible interest in that proceeding; but because the estate of the intestate was not legally "settled, or in a course of settlement," in the probate court of which he was the judge. Rev. Sts. *c.* 103, § 50. The whole jurisdiction over the estate belonged to the judge of an adjoining county.

But under the present organization of probate courts the jurisdiction vests in the court of the proper county, as a court. Gen. Sts. *c.* 117, § 2. Interest or other disqualification of the judge for that county does not divest the court of its jurisdiction, or require the transfer of the proceedings to another court or county. The jurisdiction remains, and is to be exercised in that court by the judge of another county, acting by interchange, or specially *pro hac vice.* Gen. Sts. *c.* 119, §§ 3, 4.

It is obvious that the effect of an interest in the judge as debtor or creditor, under the present law, is not to exclude him from acting altogether, in every stage of the settlement of the estate, but only in matters which may affect his interest, and so long as his interest continues. If, for instance, his debt should be paid or discharged, the jurisdiction being in the court of which he is the judge, there would be no reason against its exercise by him.

The effect of interest as a disqualification differs from that of relationship in this, that the judge cannot become a party to proceedings before himself; and it cannot be known at what point his interest as a creditor may affect his mind. His jurisdiction cannot depend upon his own thought or purpose. His interest therefore should exclude him from acting in any matter by which it may be affected, or in regard to which he might become a party if he were not the judge.

But there is not the same reason that the remote or contingent interest of a relative or connection should exclude him from acting. It is only when the relative is a party, or has a direct or apparent interest in the matter to be passed upon by the judge, that the condition arises which works a disqualification. If the estate is insolvent, it is apparent that the interest of a relative who is a creditor is affected by the appointment of commissioners who are to examine and allow or disallow his claim. But it is not so affected by the probate of the will, the approval of the executor's bond and issue of letters testamentary, or the acceptance of the resignation of the executor; and as the relative did not, in this case, make himself in any manner a party to those proceedings, the judge was not disqualified to act therein.

The former petition was therefore a proper one upon which some suitable person should have been appointed administrator *de bonis non* with the will annexed; and it is now properly before this court for that purpose. The decision of the judge who acted upon this petition, in the Probate Court, dismissing the same, was right upon both grounds assigned by him. The result in this case must therefore be,

*Decree of Probate Court affirmed.*

After the above decision, all parties having been heard upon the former petition, and assenting, the court appointed, upon that petition, as administrators *de bonis non* with the will annexed, the same persons who were named in the petition which was dismissed.