## STATE EX REL. McCORMICK *v.* WOODY, JUDGE.

[Submitted May 24, 1894.  Decided June 5, 1894.]

JUDGES—*Disqualification.*—A judge who had been attorney for an administratrix is not disqualified to try a proceeding brought by certain creditors of the estate to remove her, under section 547 of the Code of Civil Procedure, providing that a judge shall not act as such where he has been attorney for either party in the action or proceeding. Nor does the mere fact that he has an allowed claim against the estate disqualify him from trying such proceeding.

ORIGINAL PROCEEDING. Application for writ of prohibition to restrain a district judge from trying a proceeding to remove an administratrix. Denied.

*J. C. Robinson,* for Relator.

Judge Woody was disqualified to act as judge in the matter. He has a claim against the estate, and is interested therein. (Hawes on Jurisdiction, § 35; *Stockwell* v. *Township Board etc.,* 22 Mich. 342; *Pearce* v. *Atwood,* 13 Mass. 340; *Hall* v. *Thayer,*

105 Mass. 219; 7 Am. Rep. 513; Probate Practice Act, § 10.)
Prohibition is the proper remedy. (*North Bloomfield G. M.
Co. v. Keyser*, 58 Cal. 327 (facts much as in this case); 19
Am. & Eng. Ency. of Law, 272, note n, 6, and cases; *State* v.
*Judge*, 38 La. Ann. 247; *Gaines* v. *Rugg*, 148 U. S. 243;
*United States* v. *Shanks*, 15 Minn. 369; *Appo* v. *People*, 20
N. Y. 542.)

Per CURIAM.—This is an application for a writ of prohibi-
tion to prevent the respondent, judge of the fourth judicial
district court, from trying a certain proceeding, which is
described in the petition. That proceeding is an application
by some of the creditors of the estate of W. J. McCormick,
deceased, for the removal of the relator as administratrix of
the estate. She alleges in her application for a writ of prohibi-
tion that the judge of the court, Hon. Frank H. Woody,
should be prohibited from trying this case, for the reason that
he is disqualified. This disqualification she finds in the fol-
lowing facts, which she alleges: "That the said Woody, the
said judge of said court, was for a long time after the death of
said decedent, W. J. McCormick, the retained attorney and
advisor of this affiant, as such administratrix, and, as such
attorney, attended to various matters and business for the said
administratrix and said estate; and that the said Frank H.
Woody, said judge of said court, in due time after appoint-
ment of this affiant as such administratrix, presented, and
there was allowed to him, a claim against the said estate in the
sum of seventy-one dollars, and which said claim and demand
has not been paid, but now stands as a valid and existing
claim and demand against the said estate; and that, by reason
thereof, he, the said judge, is interested in the said estate, and
is thereby disqualified from acting in any manner as the pre-
siding judge therein."

Without suggesting an opinion as to whether the writ of
prohibition is the proper remedy (for such question has not
been raised or argued), we will notice the question of the
alleged disqualification of the judge. There are practically
two grounds set out: 1. That Judge Woody had been counsel
for the administratrix; and 2. That he is interested in the estate

to the extent of seventy-one dollars, owing to him by the estate.

As to the first ground, the statute provides (Code Civ. Proc., § 547) that a judge shall not act as such in an action or proceeding when he has been attorney or of counsel for either party in the action or proceeding. But Judge Woody has never been attorney or of counsel for either party in the action or proceeding which the relator wants him prohibited from trying. That proceeding was brought to remove the relator as administratrix. It does not appear that relator is sought to be removed on any thing that occurred while Judge Woody was her counsel. We are of opinion that the statute (§ 547) does not mean that, if a judge has once been an attorney or of counsel for a person he shall, if he afterwards become judge, be forever prohibited from acting as judge in cases in which such person may be a party, and in which cases the judge has not been attorney or of counsel, and in which he has taken no part whatever. If such construction of the statute were to obtain, the judges of courts would be disqualified in a very large proportion of the cases which came before them; for judges are elected from among the practicing lawyers of the district, and, in the course of their lives as practitioners, have been attorneys and of counsel for large numbers of persons in their district. It is not intended that the judge shall be disqualified because he has once been an attorney for a party litigant, in a matter other than that proposed to be litigated before him.

The statute also provides that the judge shall not act as such in an action or proceeding in which he is interested. It is set up that Judge Woody has a claim of seventy-one dollars against the estate of which relator is administratrix, and from which position she is sought to be removed. This claim of Judge Woody was for services to Mrs. McCormick as administratrix, and had been allowed against the estate. The question here is not as to the estate itself. It is not as to claims against the estate or in favor thereof. It is not as to allowing Judge Woody's debt, or any other. But the contention for trial before the fourth judicial district court is as to the removal of Mrs. McCormick as administratrix. Is the fact that the judge

of the court has an allowed claim against the estate evidence that he is interested in the removal or retention of a particular person as administratrix? It is not shown, or claimed, or suggested that the retention or removal of the relator as administratrix would, or could, or was likely to, affect Judge Woody's claim against the estate or its payment.

It does not appear that the estate will not pay all of its debts in full, or that such a result is likely or possible; and it does not appear that the retention or removal of the relator as administratrix could affect the debt-paying qualities of the estate, either favorably or unfavorably. Indeed, it does not appear that Judge Woody's allowed claim of seventy-one dollars against the estate can be affected in any manner, proximately or remotely, directly or indirectly, in the proceeding brought for the purpose of removing the administratrix; nor does it appear that Judge Woody is one of the creditors seeking her removal, or in any way interested in said proceeding.

We are satisfied that there is no showing in this application that Judge Woody is disqualified. The writ will therefore be denied.

All concur.

