[Sac. No. 665.   Department One.—April 14, 1900.]

In the Matter of the Estate of WILLIAM C. TURNER, Deceased. REGENTS OF UNIVERSITY OF CALIFORNIA, Appellant, v. WILLIAM W. GRAY, Administrator, et al., Respondents.

ESTATES OF DECEASED PERSONS—PRESENTATION OF CLAIMS—NOTE SECURED BY MORTGAGE—RECITAL IN NOTE—MORTGAGE NOT PRESENTED.—The mere recital in a promissory note presented as a claim against the estate of a deceased person that it is secured by mortgage

does not include a presentation of the mortgage, where no copy of the mortgage was set out in the claim, and no reference was made therein to the date, volume, or page of its record.

ID.—SALE OF MORTGAGED LAND—PURCHASE BY MORTGAGEE—CREDIT UPON MORTGAGE NOTE.—Where land included in a mortgage not presented as a claim against the estate is purchased by the mortgagee, upon a sale thereof by the estate, he cannot claim an application of the purchase money as a credit upon the mortgage note presented and allowed as a claim against the estate.

ID.—WAIVER OF LIEN OF MORTGAGE—RIGHT TO CONVEYANCE—PAYMENT OF PURCHASE MONEY.—By reason of the failure of the mortgagee to have the mortgage presented as a claim together with the mortgage note, he waived the right to have the mortgage considered as a lien on the property, and is not entitled to demand the conveyance from the administrator of part of the mortgaged property purchased by him, without payment of the price at which it was purchased from the estate.

ID.—MOTION TO AMEND CLAIM TO INCLUDE MORTGAGE—ORDER DENYING MOTION—APPEAL—DISMISSAL.—An order denying a motion for an amendment of the claim upon the mortgage note by including the mortgage in the claim is not appealable; and an appeal therefrom must be dismissed.

ID.—REVIEW OF ORDER AS ERROR—APPEAL FROM ORDER REFUSING CONVEYANCE UPON APPLICATION OF PURCHASE MONEY.—The order denying leave to amend the claim upon the mortgage note cannot be reviewed as error upon an appeal from an order refusing a previous motion to compel a conveyance upon application of the purchase money of mortgaged property purchased by the mortgagee from the estate, upon the mortgage note allowed as a claim. If the motion to amend had been granted, the amendment would not have been available upon the other motion, nor would it have been ground for a different ruling thereupon.

ID.—INEFFECTIVE AMENDMENT OF CLAIM AFTER ORDER OF SALE AND CONFIRMATION—DIRECTION FOR CONVEYANCE.—The order of sale and the confirmation thereof having been made in view of the claims theretofore allowed against the estate, any amendment of a claim made after the confirmation of the sale could not affect the order of confirmation, nor take away from it the force of the direction therein made to execute the conveyance upon the payment of the purchase price, nor could it affect any sale of property previously had under the order.

ID.—DELAYED APPLICATION FOR AMENDMENT—LIMITATION.—An application to amend the claim for inadvertence or mistake under section 473 of the Code of Civil Procedure could not be made after the lapse of six months from the allowance of the claim upon the mortgage note; and no substantial change can be made in an allowed claim after the expiration of the time allowed for the presentation of claims.

APPEALS from orders of the Superior Court of Merced County denying a motion for leave to amend a claim presented upon a mortgage note and denying a motion to compel an administrator to convey lands purchased by the mortgagee. J. R. Webb, Judge.

The facts are stated in the opinion of the court.

John B. Mhoon, and T. C. Law, for Appellant.

James F. Peck, for W. W. Gray, Administrator, Respondent.

J. F. McSwain, for certain creditors, Respondents.

HARRISON, J.—The above-named decedent borrowed from the Regents of the University of California February 28, 1889, forty-seven thousand dollars, and executed to that body his promissory note therefor and a mortgage upon certain real property to secure its payment. After his death a claim was presented to the administrator of his estate on behalf of the Regents, setting out the promissory note and the amount due thereon, and this claim was allowed by the administrator September 13, 1894, for the sum of fifty-one thousand seven hundred and eighty-nine dollars and seventy-eight cents, and on September 23, 1895, this allowance was approved by the judge, and the claim so allowed and approved was filed with the clerk. The mortgage which had been given to secure the note was recorded in the office of the county recorder for Merced county March 2, 1889, in liber P of Mortgages, at page 228, but no claim upon this mortgage was presented to the administrator, and in the claim that was presented for allowance no reference was made to the date, volume, or page of record of the mortgage, nor did the claim describe the mortgage, or in any way state that it was secured by a mortgage upon real property. The claim as presented merely set forth a copy of the promissory note, with the amount due thereon, and the only reference to a mortgage was the following recital in the promissory note: "This note is secured by a mortgage bearing even date herewith."

Other claims against the estate amounting to about thirty thousand dollars were presented and allowed, and December 18,

1897, the administrator obtained an order of the court for the sale of the property belonging to the decedent's estate for the purpose of paying the allowed claims against the estate, aggregating the sum of eighty-eight thousand seven hundred and sixty-nine dollars, and the expenses and charges thereafter to accrue, estimated at eight thousand four hundred and seventy dollars. Under a sale made by virtue of this order the Regents purchased certain parcels of real estate, which were included in the aforesaid mortgage, for the aggregate sum of fifty-four thousand four hundred and ninety-nine dollars, and on April 27, 1898, upon the return of sales made by the administrator, the court made an order confirming the aforesaid sales to the Regents, and directing the administrator to make and execute proper deeds of conveyance therefor upon payment to him of the purchase price for the same. Upon his offer to execute conveyances for the lands so purchased by them, the Regents stated to him that they would not pay any sum of money whatever for said lands, but would pay for said lands by the tender and delivery of a receipt for the amount of the purchase price to be paid for said lands, and would credit the said sum so paid upon their claim that had been presented and allowed, and would pay for said lands in no other way. The administrator declined to accept such receipt in payment, and upon the application of the Regents, made July 11, 1898, he was cited to show cause why he should not execute to them conveyances for the lands so purchased by them. At the hearing upon this citation the foregoing matters were made to appear to the court, and the application of the Regents was denied and the citation dismissed. From this order the Regents have appealed.

1. Section 1569 of the Code of Civil Procedure provides: "When any sale is made by an executor or administrator, pursuant to provisions of this chapter, of lands subject to any mortgage or other lien which is a valid claim against the estate of the decedent, and has been presented and allowed, the purchase money must be applied after paying the necessary expenses of the sale, first to the payment and satisfaction of the mortgage or lien, and the residue, if any, in due course of administration." It thus appears that before the administrator can apply any portion of the purchase money to the payment and satisfac-

tion of a mortgage upon the property sold, such mortgage must be a valid claim against the estate of the decedent, and, if it be a mortgage which was executed by the decedent for the purpose of securing a debt created by himself, it cannot become a valid claim against his estate unless it has also been presented and allowed. The provision in section 1570 of the Code of Civil Procedure, that the holder of a mortgage may become a purchaser at any sale under order of the court of the lands included in the mortgage, "and his receipt for the amount due him from the proceeds of the sale is a payment *pro tanto*," is to be read in connection with the provisions of the previous section and also of sections 1493 and 1497. The purchaser who is the holder of a mortgage upon the property sold is not authorized to make the payment for his purchase in this manner, unless his mortgage is a valid claim against the estate and has been presented and allowed. The administrator is bound to account to the court for the entire proceeds of sales made under its order, and the court could not sanction the payment of these proceeds in satisfaction of a claim whose validity had not been determined by it, or which had ceased to be a valid claim by reason of the failure of its holder to present the same for allowance. Section 1497 declares: "If the claim or any part thereof be secured by a mortgage or other lien which has been recorded in the office of the recorder of the county in which the land affected by it lies, it shall be sufficient to describe the mortgage or lien, and refer to the date, volume, and page of its record." In the absence of this provision it would be necessary for the holder of the mortgage to present it in its entirety the same as a claim upon any other contract, and the failure to present it in the abridged form provided by the statute operates equally as would a failure to present a claim upon any other instrument. Section 1493 provides: "All claims arising upon contracts, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever." In *Bank of Sonoma County v. Charles*, 86 Cal. 322, it was held that a claim presented in the form in which the claim of the appellant was presented did not constitute such a presentation of the mortgage as to authorize an action for its foreclosure, without a waiver in the complaint

of recourse against the estate for a deficiency, the court saying: "It is quite clear that there was no presentation of the mortgage." (See, also, *Perkins v. Oynett,* 86 Cal. 348; *Evans v. Johnston,* 115 Cal. 180.) This was a clear declaration that the mortgage could not be available as a claim against the estate in any form, unless it had been presented and allowed. It must be held, therefore, that by reason of the failure to have the mortgage allowed as a claim against the estate the appellant waived its right to have the same considered as a lien upon the property, and was not entitled to demand the conveyances from the administrator without payment of the price at which it had purchased the land.

2. After the issuance of the citation as aforesaid the appellant moved the court to be allowed to amend its claim as theretofore presented, by adding thereto the fact that it was secured by a mortgage, giving also the date and place of record of the mortgage, upon the ground that the omission of these facts had been by inadvertence and mistake of the person by whom the claim had been verified and presented. The court denied its motion, and from this order it has also appealed. The respondent objects to the consideration of this appeal upon the ground that the order is not appealable, and this objection must be sustained.

Neither is the action of the court, in denying the motion to amend, available as an error to be considered upon the appeal from the order hereinbefore considered. It is unnecessary to determine whether the provisions of section 473 of the Code of Civil Procedure authorize a motion of this nature to be made, since the motion herein was not made within the six months designated in that section, and in *In re Sullenberger,* 72 Cal. 549, it was held that "no substantial change can be made in a claim on file after the expiration of the time for the presentation of the claims." Moreover, if the order sought by the appellant had been granted, it could not have been available upon the other motion before the court, or been any ground for a different ruling by it. The order directing the sales had been made upon a consideration of the claims against the estate theretofore allowed, of which that presented by the appellant was one, and the sales to the appellant were made by virtue of this

order and had been confirmed. Any amendment of its claim made after this confirmation would not affect the order of confirmation, or take away from it the force of the direction therein to execute the conveyances upon the payment of the purchase price. Besides, the amendment of the claim could have had no effect upon the sales of property already had, since the claim after its amendment would still have to be presented to the administrator for allowance before it could become a charge upon the estate, and the time for the presentation of claims had long since expired.

The appeal from the order denying the appellant's motion to amend its claim is dismissed. The order denying its motion to compel the administrator to execute the conveyances is affirmed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.