[Sac. No. 1710.  In Bank.—March 14, 1911.]

## REGENTS OF THE UNIVERSITY OF CALIFORNIA, Appellant, v. ELIZABETH TURNER, Administratrix of the Estate of W. C. Turner, Deceased, and MERCED SECURITY SAVINGS BANK, Respondents.

APPEAL—BILL OF EXCEPTIONS—ABSENCE OF AMENDMENTS—PRESUMP-
TION—CONSTRUCTION OF CODE—SERVICE AFTER SETTLEMENT NOT RE-
QUIRED.—Where there is nothing in the record upon appeal to show
that any amendments were ever proposed to the bill of exceptions,
the contrary cannot be presumed.  When no amendments are pro-
posed, the bill could have been settled and certified without notice or
engrossment; in which case the provision of section 650 of the Code
of Civil Procedure as amended in 1907, requiring an engrossed bill
of exceptions, after certification, to be served upon the adverse
party, would not be applicable.

ID.—DIRECTORY PROVISION—NON-SERVICE OF ENGROSSED BILL—USE UPON
APPEAL.—This court does not intimate that section 650 of the Code
of Civil Procedure, as amended, is other than directory, or that a

failure to serve such engrossed bill, when certified, would preclude its use upon appeal.

ESTATES OF DECEASED PERSONS—DISQUALIFICATION OF JUDGE AS CREDITOR—PROVISION AS TO ALLOWANCE—ACTION NOT INVOLVING CLAIM.—In view of the special provision made in section 1495 of the Code of Civil Procedure, as to the mode of the allowance of a claim against the estate of a deceased person in favor of the judge, it is to be considered that he is not generally disqualified to act in any matter of the estate which has no reference to his interest as a creditor.

ID.—APPOINTMENT OF ADMINISTRATOR—NOMINEE OF WIDOW—ABSENCE OF DISCRETION—GENERAL PROCEEDINGS VALID.—Where the appointment of an administrator is not in favor of a creditor, and involves no interest or bias of the judge as a creditor, but is of a nominee of the widow under subdivision 1 of section 1365 of the Code of Civil Procedure, as to which the judge has no discretion to do otherwise than to make the appointment, the interest of the judge as a creditor, in such a case, should not disqualify him from making the appointment, nor render his general proceedings under such administration void.

ID.—MORTGAGE AGAINST ESTATE NOT PRESENTED—BAR OF STATUTE OF LIMITATIONS—FURTHER ADMINISTRATION IMMATERIAL.—Where a mortgage executed by the deceased in his life-time was two years past due at his death, and after the appointment· of an administrator and notice to creditors, the mortgage note was presented as a claim, but the mortgage was not presented, the statute of limitations as to the mortgage was not suspended, and where the administrator died eight years after his appointment the mortgage was barred before his death, and such bar could not be affected by the subsequent appointment of an administrator or any proceedings attempted by the mortgagee after such appointment.

APPEAL from judgment of the Superior Court of Merced County and from an order denying a new trial. E. N. Rector, Judge.

The facts are stated in the opinion of the court.

F. A. Cutler, for Appellant.

J. W. Knox, for Administratrix, Respondent.

Edward F. Treadwell, for Merced Security Savings Bank, Respondent.

SHAW, J.—Appeal by plaintiff from the judgment and **from an** order denying its motion for a new trial.

The plaintiff sues to foreclose a mortgage on real estate and to obtain judgment upon the note given for the debt secured thereby. The note and mortgage were executed by W. C. Turner. The Merced Security Savings Bank is the owner of a part of the mortgaged premises by title acquired after the execution of said mortgage. The defendant bank answered that the action was barred by the provisions of sections 318, 319, 337, 343, 1493, and 1500, of the Code of Civil Procedure. The administratrix alleges that it is barred by sections 337, 338, 339, 343, 353, 1493, and 1500, of said code. The court found that the action was barred by the provisions of sections 318, 319, 337, 343, 1493, and 1500 of said code. It made no express finding as to section 353. The facts to which that section relates are found, however, and the question whether the action is barred thereby is presented by the finding. Judgment was given for the defendants. The principal question is whether or not the evidence sustains the findings on the subject of the statute of limitations. Sections 318, 319, and 343 do not apply to the case. Sections 337 and 353 are the only ones necessary to be considered.

The respondent makes the preliminary objection that the bill of exceptions containing the evidence cannot be considered a part of the record on appeal, because it was not served on the respondents after it was engrossed. It was settled in 1908, while the provision of section 650 of the Code of Civil Procedure, as amended in 1907, was in force, providing that a bill of exceptions after being settled and engrossed, must be presented to the judge to be certified, "and upon being certified must within five days thereafter be served upon the adverse party." (Stats. 1907, p. 715.) It is sufficient to say upon this point that the bill appears to have been duly settled by the judge, and that there is nothing in the record to show that any amendments to the original bill of the plaintiffs were ever proposed, in which case it could have been settled without notice or engrossment, and the provision above quoted would not be applicable. The contrary will not be presumed. We are not to be understood as intimating that the provision is other than directory, or that the failure to serve such engrossed bill, when certified, would preclude its use on appeal.

The note and mortgage sued on were executed on February

28, 1889, and became due on February 28, 1892. If Turner, the mortgagor, had lived, the four years' limitation prescribed by section 337 of the Code of Civil Procedure, would have expired on February 28, 1896. Turner died on February 14, 1894. The present action was begun on July 18, 1904, more than eight years after the period of limitation had run. Section 353, of the Code of Civil Procedure, provides that if a person against whom an action may be brought die before the period of limitation has run, the action may be begun against his personal representative, after the expiration of the time limited, and within one year after the issuing of letters testamentary or of administration. Plaintiff contends that the extension of the time thus provided had not expired when the action was begun.

The record of the proceedings in the administration of the estate of Turner shows that one W. W. Gray was appointed administrator of his estate, that letters of administration thereon were issued to him on April 7, 1894, and that he continued to act as administrator thereof from that time until his death, which occurred on April 12, 1902. The giving of notice to creditors of the estate to present their claims, was completed on May 26, 1894. The plaintiff presented to him for allowance its note and it was allowed by him on September 13, 1894. The mortgage was not included in the claim so presented. (See *Estate of Turner*, 128 Cal. 392, [60 Pac. 967].) On August 30, 1898, plaintiff moved the court for leave to amend said claim, by including the mortgage therein. This motion was denied and plaintiff's appeal therefrom was dismissed. (*Estate of Turner*, 139 Cal. 86, [72 Pac. 718].) During his administration of the estate, Gray filed three accounts current which were duly settled by the court. The plaintiff caused him to be cited to render an exhibit as provided in section 1622 of the Code of Civil Procedure. He received and allowed a large number of claims against the estate. He filed a petition, in which plaintiff joined, for an order to sell the land covered by plaintiff's mortgage, the order was made, the land was offered for sale, and plaintiff purchased it. Plaintiff applied to the court to have its claim accepted as payment on the purchase price of the land, under section 1570 of the Code of Civil Procedure, which was refused. Plaintiff appealed and on appeal the refusal was held to be correct, for the reason

that the allowance of plaintiff's claim did not include the mortgage, and did not establish the claim as a mortgage lien. (*Estate of Turner,* 128 Cal. 388, [60 Pac. 967].) This decision on appeal was made on April 14, 1900. Up to this time plaintiff, as shown by the facts we have recited, had recognized Gray as the lawfully appointed administrator of the estate, dealt with him as such, and participated in the proceeding for administration. Thereafter it claimed, and it now claims, that there was no administration of the estate until Elizabeth Turner was appointed, after the death of Gray, and that the statute of limitations was suspended as provided in section 353 of the Code of Civil Procedure, for the entire period from 1894 to 1902, during which Gray was acting as administrator, and until one year after the appointment of Mrs. Turner. If this point is not sustained it is obvious that the extension of the period of limitation, provided by section 353 had run before the action was begun, or rather that it did not become operative at all, and that the action is barred.

The order appointing Gray administrator of Turner's estate was made by Honorable J. K. Law, as judge of the superior court of Merced County. Judge Law was a creditor of the decedent, upon a note executed by Turner to him for $3,419.07. His claim thereon was afterwards duly presented and allowed by Gray as administrator and by the judge of the superior court of the adjoining county. Respondent argues that the evidence does not show that Law was the judge who appointed Gray, but, while the language is not very definite, we think that fact was, in effect, stipulated upon the trial. The theory of the plaintiff is that Judge Law, as a creditor of the estate, was interested therein and that, in consequence thereof, he was not qualified or competent to act in the matter, and that the appointment of Gray and all proceedings thereafter had in the administration of the estate are invalid and void, and must, in law, be considered as not having occurred.

Section 170 of the Code of Civil Procedure declares, among other things that no judge "shall sit or act as such in any action or proceeding . . . to which he is a party, or in which he is interested." Section 1430 of the Code of Civil Procedure provides as follows: "No will shall be admitted to probate, or letters testamentary or of administration granted, before any judge who is interested as next of kin to the decedent,

or as a legatee or devisee under the will, or when he is named
as executor or trustee in the will, or is a witness thereto, or
is in any other manner interested or disqualified from acting."
It has been held that an order extending time in a civil action,
made by a judge who is disqualified by relationship, is abso-
lutely void. (*Johnson* v. *German A. I. Co.,* 150 Cal. 339, [88
Pac. 985].) The authorities of other states are to the effect
that if a judge is a creditor of the decedent he is interested
in the matter of the appointment of an administrator and in
all other proceedings in the administration, within the mean-
ing of similar statutes, and that if he assumes to make such
an order it will be void. (*Sigourney* v. *Sibley,* 38 Mass. 104,
[32 Am. Dec. 248]; *Hall* v. *Thayer,* 105 Mass. 222, [7 Am.
Rep. 513]; *Aldrich's Case,* 110 Mass. 193; *Coffin v. Cottle,*
26 Mass. 292; *In re Cottle,* 22 Mass. 483; *Thornton* v.
*Moore,* 61 Ala. 354; *Succession of Payne,* 32 La. Ann. 355;
*Succession of Rhea,* 31 La. Ann. 323; *Burks* v. *Bennett,* 62
Tex. 278; *Moody* v. *Looscan,* (Tex. Civ. App.), 44 S. W.
624; *Bedell* v. *Bailey,* 58 N. H. 62.) In some of these cases
the matter was presented on direct appeal, but in others the
order was held to be void on collateral attack. The only
authority that such an interest does not disqualify the judge,
except in matters where he acts directly upon or in respect
of his claim, is *State* v. *Woody,* 14 Mont. 457, [36 Pac. 1043].
The question has not heretofore arisen in this court. If the
foregoing sections are to be given the same construction as
similar statutes have received in other states, it must be ad-
mitted that the interest of a judge as a creditor of the decedent
will disqualify him to act as judge in proceedings for the ad-
ministration of the estate. There is another section of the
code which must be considered and which we think shows
that the legislature did not intend to disqualify a creditor
judge to act generally in proceedings for administration, but
only where the act directly affects his claim. Section 1495,
so far as material, is as follows: "Any judge of a superior
court may present a claim against the estate of a decedent for
allowance to the executor or administrator thereof, and if the
executor or administrator allows the claim, he must, in writ-
ing designate some other judge of the superior court of the
same or an adjoining county, who, upon the presentation of
such claim to him, is vested with power to allow or reject it."

Under sections 170 and 1430, if the interest of the judge as a creditor of the decedent disqualified him to act, the only method to pursue would be to transfer the matter to some other county, if there was only one judge in the county, or to some other department of the court, if there were more than one. (Code Civ. Proc., secs. 397, 398.) In such a case, there would be no necessity for any provision for the designation of another judge to allow or reject his claim, for the entire proceeding would be had before some other judge. The purpose of section 1495 evidently was to provide for the case of the judge who is in charge, so to speak, of the proceedings in administration and who is a creditor of the decedent, and to afford means whereby he may obtain the allowance or rejection of his claim. It refers to that judge alone. It implies that the administration proceedings are pending before the judge who has the claim against the estate, that he has acted in the other matters of the administration, including the claims of other creditors, and that it is necessary to provide a special mode of passing upon his debt because as to that he is disqualified by the other sections of the code above quoted. The necessary inference from its enactment is that he is not, by reason of being a creditor, necessarily disqualified in other proceedings in the same estate, except where his debt gives him a direct interest in the matter to be done. Our conclusion is that the several provisions of the code on the subject, when considered in connection with each other, and not to be construed to provide that the interest of a judge as a creditor of the decedent necessarily disqualifies him to act in other matters in the proceeding, and that they do not forbid him to act in granting letters, or make his order to that effect necessarily void or voidable.

Possibly if a creditor applies for letters, the judge, being equally interested and equally entitled, might be deemed to be directly interested in that application and therefore disqualified. Perhaps, also, the fact that the judge was a creditor, taken in connection with the solvency or insolvency of the particular estate, its condition and other facts, might establish bias or prejudice, or an actual personal interest in the appointment which would disqualify him under subdivision 4 of section 170, but that objection would be waived if not made at the time. We do not express any opinion as to either

of these contingencies, for the appointment of Gray was a preferred one, he having been appointed as the nominee of the widow, under subdivision 1 of section 1365. If he was a competent person, the judge had no right, or discretion to do otherwise than appoint him. In such a case, at least, the interest of the judge as a creditor, should not disqualify him, or render that and subsequent proceedings absolutely void.

We are led to this conclusion the more readily by a consideration of the consequences that might ensue if it were held that the fact that the judge who appoints an administrator was a creditor of the decedent, would render all proceedings void, and that it could be shown collaterally, even after the administration was closed, to invalidate all that had been done, including final distribution. We have no information as to the usual practice or custom, but the fact that the judge acted in the estate of Turner, although a creditor, and that he continued to act for several years after his relation as a creditor was known to all parties concerned in a large estate, without any objection or protest ever having been made by any one, justifies the inference that there are frequent instances of the same kind. It might easily happen that a judge having a small debt against a decedent would not recall the fact at the time. One may, indeed, become a creditor of another without being aware of the fact at the time, as, for example, a creditor of a corporation, is a creditor of each stockholder, although he may not know one of them.

The claim might be presented in the name of another person, although owned by the judge. If the fact alone disqualifies the judge and renders all proceedings void, it need not appear in the record. No person whose title to property was obtained through probate proceedings could regard his title as secure or safe against such an impeachment. While there might be rare instances in which, because of such interest, a judge would act unfairly or unjustly in such matters, it is apparent that the injustice from that cause would be very slight as compared with that which would ensue if the rule was that such interest made the entire administration void.

Having reached this conclusion the necessary consequence is that the action was barred, under any theory of the case. Defendants further contend that inasmuch as the letters to

Elizabeth Turner were issued on June 23, 1902, and the plaintiff presented its claim to her on May 5, 1904, and begun this action on July 18, 1904, the action was again barred after the issuance of such letters. Plaintiff, in answer to this, shows that on August 19, 1902, it appealed from the order of June 23, 1902, appointing Elizabeth Turner, administratrix, which appeal was pending until April 20, 1904, and, upon that fact, it is claimed that the issuance of the letters to her did not take effect until the appeal was determined, and that therefore the year from such issuance had not run when the action was begun. We find it unnecessary to decide as to this controversy, since the action was barred before the death of Gray.

The judgment and order are affirmed.

Angellotti, J., Sloss, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.