ZACCHEUS P. ROWELL, Respondent, *v.* CITY OF ST. LOUIS AND DAVID BERLIN, Appellants.

1. *Practice, civil — Instructions, giving of, no ground for reversal, when.* — The giving of an instruction which was outside the case as made by the pleadings, is no ground for reversal where no prejudice was thereby worked to the complaining party.

*Appeal from St. Louis Circuit Court.*

*E. P. McCarty*, City Counselor, for appellants.

*G. M. Smith*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

The plaintiff brought this suit against the city of St. Louis and David Berlin for damages. The petition charges, in substance, that the steamboat Nebraska had sunk at the wharf of St. Louis, and had been abandoned by the owners to the board of underwriters; and that the underwriters had employed the plaintiff to raise the boat, and that defendant, David Berlin, being harbor master, and in the employment as such of the city of St. Louis, permitted the plaintiff to enter upon the fulfillment of his contract, and that he was proceeding to do so, and had expended in the operation $1,128; and while he was so engaged the defendant Berlin unlawfully, and as the servant of the city, took possession of the boat and broke it up and filled it in with earth and sand, and constructed thereupon a levee or wharf for the use of the city, which wharf so constructed was, at the commencement of the suit, in use by the city. He alleged in his petition that the boat so destroyed was worth $4,000, and that he was damaged by the acts of the defendants to the amount of $2,000.

The answer of the defendants simply denied all the allegations of the petition. The bill of exceptions shows that upon the trial of the case the plaintiff gave evidence tending to prove the facts stated in his second amended petition; and that the plaintiff also read in evidence article v of an ordinance of the city of St. Louis, establishing and regulating the harbor, etc.

And the defendants, on their part, gave evidence tending to prove the facts stated in the answer to said second amended petition. The court, at the instance of the plaintiff and against the objections of the defendants, gave an instruction to the effect that if defendant Berlin, as harbor master, took forcible possession of the boat and ejected the plaintiff therefrom for the purpose of removing the obstructions, then the city was liable if the plaintiff could have raised the boat.

At the instance of the defendant the court gave an instruction in regard to the amount of damages, and that if the plaintiff could not have raised the boat, he was not entitled to recover. The court refused to instruct that the plaintiff, on the pleadings and evidence, was not entitled to recover. The jury found for the plaintiff, and the defendant moved for a new trial, which was overruled, and he appealed to general term, where the judgment at special term was affirmed, and he has appealed to this court.

It will be observed in this case that no justification or excuse whatever is set up in the answer of the defendants. They simply deny that they committed the acts charged. In fact no defense, except a general denial, is set up by the defendants. So the only issue before the jury was whether the defendants were guilty of the alleged trespass. The bill of exceptions shows that each party gave evidence tending to prove the issues on their part.

The plaintiff, however, introduced an ordinance of the city to show the duty of the harbor master, etc., and asked an instruction referring to Berlin, as harbor master, having, as such, unlawfully seized the boat and broken it up, etc. This instruction was objected to by the defendants. But this instruction could have worked no injury to the defendant. The fact is, it did not touch the case as made by the pleadings, and was more prejudicial to the plaintiff than to the defendants. The points raised and discussed by counsel in their briefs do not appear upon the record. Upon the whole case I see no error.

Judgment affirmed. The other judges concur.