SCOTLAND COUNTY NATIONAL BANK, Respondent, v. DANIEL O'CONNEL ET AL., Appellants.

St. Louis Court of Appeals, October 26, 1886.

1. NEGOTIABLE INSTRUMENTS—ALTERATIONS.—Generally, the holder of negotiable paper which has been altered so as to increase the maker's liability thereon, can not recover against the maker.

2. ———— The makers of a negotiable note having delivered it to their co-maker in a condition which enables him to fill blank spaces without changing the appearance of the paper as a genuine instru-

ment, are liable thereon to the purchaser in good faith, notwith-standing the alteration.

3. ACTIONS.—He who, by his carelessness, has enabled another to obtain the money of an innocent person, is answerable for the loss.

4. APPELLATE PRACTICE.—Where it clearly appears, from the obvious, admitted and found facts that the verdict is for the right party, the judgment will not be disturbed because of the giving of erroneous instructions.

APPEAL from the Scotland County Circuit Court, BEN. E. TURNER, Judge.

*Affirmed.*

SMOOT & PETTINGILL, for the appellants: The holder of perfected negotiable paper, which has been altered by raising the amount, can not recover. *Greenfield Bank v. Stowell,* 123 Mass. 203 ; *Knoxville Bank v. Clark,* 51 Iowa, 264 ; *Haskell v. Champion,* 30 Mo. 136 ; *Robinson v. Berryman,* 22 Mo. App. 509.

McKEE & JAYNE, for the respondent: He who enables another to commit a wrong, is liable for the consequences. *Iron Mountain Bank v. Murdock,* 62 Mo. 70 ; *Shirts v. Overjohn,* 60 Mo. 305 ; *Trigg v. Taylor,* 27 Mo. 245 ; *Ivory v. Campbell,* 33 Mo. 98.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff brought its action upon a promissory note, charged to have been executed by the defendants, jointly with one T. S. Smith. The defendants answered under oath, denying the execution of the note.

The evidence tended to prove the following facts: That T. S. Smith made a negotiable promissory note to the order of the Scotland County National Bank for one hundred dollars, and obtained the signatures of the defendants thereto as joint makers, and that thereafter and prior to the delivery of the note to the bank, he altered the note by adding after the words "*one hundred,*" the

words "*thirty-five.*" Also, that the entire written part
of the note is in the handwriting of Smith, who had left
sufficient blank space after the words one hundred to
insert the words thirty-five ; that these last words were
inserted in the same handwriting, with the same ink, and
in a manner to avoid detection of the alteration ; that
there was nothing in his transaction with the bank to
arouse suspicion of its agents, and that the bank purchased
the note in good faith before maturity, for a full and
valuable consideration.

These being the substantial facts, the court, upon the
plaintiff's request, charged the jury as follows :

"Although the jury may believe, from the evidence,
that the note was altered by adding the words thirty-
five, after the defendants' signatures were attached to it
(if the jury believe, from the evidence, that the defend-
ants signed it), then in such case the jury will find for
the plaintiff ; if they shall believe, from the evidence, that
J. W. Barnes, cashier of plaintiff, bought and received
said note, and that at the time said note was so bought
and received, there was no marks upon the face of said
note such as would arouse suspicion upon the part of a
careful man upon inspection thereof, and that said cashier
bought and received same in good faith and believing it
to be genuine."

Under this instruction the jury returned a verdict
for the plaintiff for the full amount of the note and
interest.

We have no hesitation to say that this instruction
is erroneous. As applicable to the facts of the case, it
omits several important qualifications. If the law were
as therein stated, parties to commercial paper would be
at the mercy of any skillful forger, and might have their
liability increased a thousand fold, without any negli-
gence on their own part, provided the alteration of the
sum to be paid was executed with sufficient skill to mis-
lead careful men. We conceive that the general rule on
this point in this state is now, as it always was, that the

holder of even a negotiable note or bill, which has been altered by raising its amount, without the consent of the party to be charged, can not recover against such party, whatever the good faith of such holder may have been in acquiring the paper.

But we do not consider this error, under the peculiar facts of this case, to have worked such prejudice to the defendants as to demand a reversal of the judgment. The original of the note sued on is preserved in the record before us, and its inspection conclusively corroborates the testimony offered by the plaintiff, and establishes beyond controversy that the defendants executed and delivered a note to Smith, the body of which was in Smith's handwriting, in a condition which enabled him to add the words thirty-five to the written part of the sum and the figures $135.00 at the head of the note in the space usually reserved for that purpose, before delivering the note, and to do so in a manner to baffle detection. That the signatures are those of the defendants, and that the bank took the paper in good faith and for value, are facts found by the jury.

The obvious, admitted, and found facts present a case, where negotiable paper is delivered by part of the makers to their co-maker, for whose benefit it is executed, in such a condition as to enable him to fill blank spaces, without in any manner changing the appearance of the note as a genuine instrument. This, under the rule announced in *Iron Mountain Bank v. Murdock* (62 Mo. 70), will warrant a recovery on the part of the holder in good faith for value, notwithstanding the alteration. To a case of this kind the doctrine is fairly applicable that "he who by his carelessness or undue confidence has enabled another to obtain the money of an innocent person shall answer the loss." *Chapman v. Rose*, 56 N. Y. 137.

Of course, no general rule can be laid down which will be applicable to cases of this character without exception. But, taking the peculiar facts of this case into

consideration, it appears to be one wherein the judgment should be affirmed on the ground that it is for the right party, notwithstanding apparent errors in the trial of the cause. All the judges concurring, it will be so affirmed.