B. F. MYERS TAILORING COMPANY, Respondent, v. GEORGE M. KEELEY, Appellant.

58 491
85 623

St. Louis Court of Appeals, May 15, 1894.

1. **Damages:** BREACH OF CONTRACT FOR LEASE. The damages for the breach of a contract for a lease are purely compensatory. Accordingly, when the party who is to receive the lease occupies the premises to be demised for the entire term for which the lease is to be given, but is compelled to pay therefor more than the rent contracted for, his damages can not exceed the difference between the amount paid and that which he agreed to pay.

2. **Principal and Agent:** LIABILITY OF AGENT FOR CONTRACTING WITHOUT AUTHORITY. An agent, who enters into a contract on behalf of his principal, but fails to bind the principal for lack of authority to do so, binds himself.

3. **Practice, Appellate:** ENTRY OF PROPER JUDGMENT UNDER CONCEDED FACTS. Error in an instruction as to the plaintiff's damages will not necessitate the reversal of a judgment in his favor, if there is no dispute concerning the facts by which the amount of these damages is determined.

*Appeal from the St. Louis County Circuit Court.*—HON RUDOLPH HIRZEL, Judge.

AFFIRMED *(conditionally)*.

*R. M. Nichols* for appellant.

*E. T. Farish* and *S. B. Jones* for respondent.

ROMBAUER, P. J.—The plaintiff is the assignee of Benjamin F. Myers and Charles H. Wengler, the original parties to the contract hereinafter set out and the right of action arising thereon, and brings this action to recover from the defendant damages caused by its breach. The suit is founded on a contract evidenced by the following memorandum:

"ST. LOUIS, Mo., December 8th, 1888.

"B. F. Myers and C. H. Wengler have paid to Keeley and Co. $100.00 for one month's rent of store 615 Pine, and Rooms No. 15 and 16 on 3rd floor of 613 and 615 Pine, and we are to give them a five year lease for same commencing Jan. 1st, 1889, and ending December 31st, 1894 (1893). And, if machines in rooms on 3rd floor, being No. 15 and 16, are objectionable to other tenants, then the lease will be revoked for the rooms only.    KEELEY & Co., per Beck."

The plaintiff in its petition states that Myers and Wengler agreed to accept said lease and paid the $100 for the first month's rent thereunder, and that Keeley agreed to execute it whenever thereto requested, but although frequently requested thereafter, had failed and refused to do so; that Myers and Wengler were damaged by their failure in the amount of $2,500, and thereafter assigned their cause of action to the plaintiff.

The answer of defendant contains a general denial, and sets up the affirmative defense that the original contract was by agreement between Myers, Wengler and the defendant, rescinded, or agreed to be rescinded, and a new agreement entered into for letting the premises, and that Myers and Wengler went into possession of the premises under said new agreement. This answer was denied by reply.

The cause was tried by a jury, who rendered a verdict for plaintiff in the sum of $1,416. From a judgment entered upon this verdict, the defendant appeals, and assigns for error that the verdict is not supported by substantial evidence, that the court erred in its rulings on the evidence and instructions, and that the damages are excessive. In passing on these alleged errors a brief reference to the facts developed by the evidence becomes essential.

It appeared in evidence that the defendant was a real estate agent, doing business as Keeley & Company. Building, numbers 613 and 615 Pine street, is a large store building, and was at the date of the execution of the above memorandum owned by one Griffin, a non-resident of the state, the defendant being his local agent. After the execution of the memorandum the defendant tried to procure from Griffin authority to execute a lease for five years, but Griffin declined, stating that he would not give a lease for a longer time than two or three years, so that no lease for the premises was ever executed. Myers and Wengler, who were merchant tailors, went into possession of the premises, and on the faith of obtaining a lease for five years made considerable improvements thereon. They paid rent as specified by the memorandum until October 15, 1891, when a notice to quit was served upon them, purporting to terminate their tenancy on December 1, 1891. This notice was served by Keeley as agent of Griffin, and its object was to make Myers and his associate either quit the premises or pay more rent. Myers and his associate rather than quit the premises, in the improvement of which they had made considerable expenditures, paid the increased rent demanded of them. In March, 1892, another notice was served upon them to quit, and under this second notice the rent was raised upon them to $150 per

month, or $1,800 a year, being an excess of $800 per annum above the rent called for by the original memorandum. There was evidence tending to show that part of this increased rent was due to the fact, that the lessees with the consent of the lessor had quit the possession of the rooms 15 and 16 on the third floor, and had taken in lieu thereof the entire fourth floor at a rental of $400 per annum. There was also evidence tending to show that the entire fourth floor was worth $33.33 a month, and that rooms 15 and 16 were worth only $16⅔ per month.

A careful analysis of the testimony tends to show that the lessees always insisted that they were entitled to a five years' lease from January 1, 1889, of a rental of $1,000, and only yielded to the demand for the increased rent under threats of expulsion, against which they could not defend since the defendant does not even pretend that he had authority from Griffin to execute a lease for five years, or to enter into a contract therefor. The lessees according to their evidence gave the defendant notice, when the rent was successively raised up on them, that they would hold him or Griffin responsible for the damages caused by his failure to give them a five years' lease, but continued into possession of the premises and paid the increased rent.

· Proceeding to consider the errors assigned according to the merit of the assignments, which is in their inverse order, it is apparent that the damages awarded by the jury are excessive, even if it be conceded that the plaintiff is entitled to recover. Damages in such a case are purely compensatory. The plaintiff is entitled to the value of the bargain and no more. *Gestring v. Fisher*, 46 Mo. App. 603. As the plaintiff and its predecessors have never been ousted from the premises, but continued to occupy them from the date of the

contract to the date of the trial, and presumably to the date of the expiration of the period fixed by the contract for a lease, they can not recover more than the damages they actually sustained by Keeley's failure to execute or procure the execution of a lease at a rental of $1,000 per anum for the five years; that is to say, the amount which they are required to pay in excess of the $1,000 per annum on account of such failure is the limit of the measure of damages. That excess for the entire period amounts to only $1,033.08 instead of $1,416 as found by the jury, because the plaintiff's testimony concedes that, while they were compelled to pay after June 1, 1892 an increased rent of $50 per month, part of the increase was due to the exchange of the fourth floor for rooms 15 and 16 on the third floor, of which increase the plaintiff in no way complains, conceding that the fourth floor was so much more valuable than the two rooms formerly occupied on the third floor.

This, however, is the only assignment entitled to any consideration. The jury under the instructions of the court necessarily found that the defendant did execute the memorandum sued upon. By the terms of that memorandum he purports to contract in his own name; hence it is utterly immaterial, as far as his own liability is concerned, whether Myers and Wengler knew that he acted on his own behalf, or whether he purported to act on behalf of a third person. If he purported to act on behalf of Griffin, and in so doing exceeded his authority, he became individually liable; for it is well settled that an agent, who fails to bind his principal, binds himself. *Wright v. Baldwin*, 51 Mo. 269; *Shell v. Stephens*, 50 Mo. 375; *Kelly v. Thuey*, 102 Mo. 522; *Mantz v. Maguire*, 52 Mo. App. 136.

Nor can we see any error in the court's ruling on the evidence and in its instructions to the jury. It was competent for the plaintiff to show what it and its pred-

Myers Tailoring Co. v. Keeley.

ecessors were compelled to pay in not suffering an eviction from the premises, as there is ample evidence tending to show that the amounts thus paid were less than the actual value of the premises. The memorandum is definite enough in describing the premises and terms of letting, and there is not a *scintilla* of evidence in the record that either of the parties at any time were not fully advised what the memorandum referred to. The only defense the defendant interposed on that score was that the memorandum was executed without his authority by his clerk. That issue was found against the defendant on substantial evidence, and such finding is conclusive.

The court did err, under the peculiar circumstances of this case, in its instructions to the jury on the measure of damages; that error, however, does not necessitate a reversal of the judgment, since there is no dispute concerning the facts by which plaintiff's measure of damages is determined. The court also erred in giving certain instructions on part of the defendant, and on its own motion, to which the defendant was not entitled; but the defendant can not complain of such error, because it was one in his favor.

It results from the foregoing that the only error of which defendant can justly complain is that the damages are excessive. If the plaintiff will, within ten days after the filing of this opinion, remit from the recovery all above the sum of $1033.08, the judgment will be affirmed for the residue; otherwise the judgment will be reversed, and the cause remanded for excess in the damages awarded. So ordered. All concur.