BANK OF BILLINGS, Respondent, v. WASHINGTON M. WADE, Appellant.

St. Louis Court of Appeals, February 15, 1898.

Promissory Note: CREDIT IN PENCIL: ERASURE: INNOCENT PURCHASER FOR VALUE: ESTOPPEL. The signing by the payor of a note with a credit in pencil on the back thereof, instead of requiring another note for the correct amount, was gross negligence on his part, by which he was estopped, as against an innocent purchaser of the note for value before maturity, to aver and prove a forgery by erasure of the credit.

*Appeal from the Christian Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*J. L. Davis* for appellant.

The note having been altered, without the knowledge or consent of the defendant, by the erasure of the credit from the back thereof, became a forged instrument, and void in the hands of any person, even of an innocent purchaser before maturity. *Trigg v. Taylor*, 27 Mo. 247; *Haskell v. Champion*, 30 *Id*. 136; *Evans v. Foreman*, 60 *Id*. 449; *Bank v. Armstrong*, 62 *Id*. 59; *Bank v. Dunn, Id*. 79; *Moore v. Hutchinson*, 69 *Id*. 429; *Bank v. Fricke*, 75 *Id*. 178; *Morrison v. Grath*, 78 *Id*. 434; *Robinson v. Berryman*, 22 Mo. App. 509; *Bank v. Clark*, 52 *Id*. 593; *Bank v. Bosserman, Id*. 269; *Bennett v. Nolte*, 55 *Id*. 184; *Brewing Co. v. Hazen, Id*. 691; *Ivory v. Michael*, 33 Mo. 398; *Middaugh v. Elliott*, 61 Mo. App. 601; *Allen v. Dorman*, 57 *Id*. 288; *Bank v. Meyers*, 50 *Id*. 157.

A note, or any contract, may be written in pencil, and is as valid as if written in ink. And indorsements

on notes may be written in pencil, and are also valid. *Jeffrey v. Walton*, 1 Stark, 267; *Merritt v. Clason*, 12 Johns. 102; 7 Am. Dec. 286; *Classon v. Stearns*, 4 Vt. 11; 1 Rand. on Com. Pap., secs. 60, 702, 1888; Chitty on Bills, p. 146, sec. 147; 65 Am. Dec. 127; *Reed v. Roark*, 14 Tex. 329; 1 Par. on Notes and Bills, pp. 21, 22; *Geary v. Physic*, 5 B. and C. 234; 2 Am. and Eng. Ency. Law [1 Ed.], 318; *Meyers v. Vanderbilt*, 84 Pa. St. 513, 514; *Ins. Co. v. Bucker*, 91 *Id*. 490.

*Watson & Peperdine* for respondent.

If a note, bill or check is so negligently drawn, with blank spaces left for the addition of other words or figures, that alterations can be made so as not to excite suspicion, the loss will fall on the person in fault. *Trigg v. Taylor*, 27 Mo. 245; *Bank v. Murdock*, 62 *Id*. 70; *Bank v. Armstrong*, *Id*. 59; *Brown v. Reed*, 79 Pa. St. 370; *Seibel v. Vaughn*, 69 *Id*. 257; *Harvey v. Smith*, 55 *Id*. 224; *Bank v. O'Connel*, 23 Mo. App. 165.

"He who, by his carelessness, has enabled another to obtain the money of an innocent person, is answerable for the loss." *Bank v. O'Connel, supra.*

BIGGS, J.—This action was instituted before a justice of the peace to recover a balance alleged to be due on a negotiable note. The note was made payable to one McBride and was due sixty days after its date. The plaintiff bought the note prior to its maturity and paid value for it. The balance claimed to be due was $35.80, with interest thereon. The defense was that after the delivery of the note to McBride it had been materially changed by him in this, that he had, without the knowledge of the defendant, erased a credit of $35.80 which had been indorsed on the back of the note prior to its execution and delivery. There was a

judgment for the defendant before the justice. The plaintiff appealed to the circuit court, where on a trial before the court, it obtained a judgment. The defendant has in turn appealed to this court.

The circuit court made a written finding of the facts, which we here set out:

"*First.* The uncontradicted evidence in this cause shows that prior to the signing of the note by the defendant Wade, there was indorsed on the back of the note, in pencil, a credit of thirty-five dollars and eighty cents.

"*Second.* That it was then signed by the defendant and delivered to one McBride.

"*Third.* That said note was afterward presented at the Bank of Billings, the plaintiff, at which no trace of the said pencil credit could be discovered.

"*Fourth.* There is no contention as to the plaintiff's good faith, and as to its having purchased the note before maturity and for value.

"*Fifth.* That the note has all been paid with the exception of thirty-five dollars and eighty cents."

It is conceded that the foregoing is supported by all of the evidence in the case. In addition it may be stated that the credit in controversy was entered on the note under the following circumstances. McBride was an agent for a life insurance company. He wrote a policy on the life of the defendant. The amount of the first premium was $179. Under an arrangement between them there was to be a rebate of $35.80 from the first premium, and the defendant was to give his note for the remainder. In the absence of the defendant McBride wrote the note for the full amount of the premium. When it was presented to the defendant for execution he reminded McBride of the rebate. Thereupon McBride entered the credit in

PROMISSORY note: credit in pencil: erasure: innocent purchaser for value: estoppel.

pencil, on the back of the note. In this condition the defendant executed and delivered it to McBride.

Under the foregoing facts we think that the court did right in refusing the following instruction asked by the defendant:

"That if at the time the note sued on in this case was executed and before it was signed by the defendant a credit of thirty-five dollars and eighty cents was entered on the back of the note by the payee P. D. McBride and the said P. D. McBride or any one else without the knowledge or consent of the defendant erased the credit so entered from the back of the note; then in law said note is a forged instrument and the plaintiff can not recover on the same, although it purchased said note before maturity and in the ordinary course of business."

Undoubtedly the erasure of the credit rendered the note a forged instrument, as the credit was a part of the note itself. The general rule is that a forged negotiable note is void even in the hands of an innocent purchaser who has obtained it for value before maturity. But this defense is not always open to the maker. If by his negligence or carelessness the successful commission of the fraud is accomplished, he will be estopped, as against a *bona fide* purchaser of the note before maturity, to aver and prove the forgery. The estoppel rests on the well known equitable principle, that where a loss must fall on one of two innocent persons the one most at fault must bear it. This principle was asserted in the case of *Bank v. Murdock*, 62 Mo. 70. The court said: "If the note, although complete at the time it left Armstrong's hands, had been so loosely filled, in respect of the principal sum mentioned therein, as to easily admit of enlarging the liability already imposed by the instrument, and in a manner

calculated to baffle prudence in its ordinary manifestations, no hesitancy would be felt in asserting in accordance with our more recent adjudications, the undoubted liability of the indorser to an innocent purchaser."

In the case of *Bank v. O'Connel*, 23 Mo. App. 165, this court said: "He who by his carelessness or undue confidence has enabled another to obtain the money of an innocent person shall answer the loss." The principle announced in these cases is clearly applicable to the facts in the present case. Instead of requiring McBride to write another note for the correct amount, the defendant allowed him to enter a credit in pencil. This was gross negligence on the part of the defendant. He was the cashier of a bank, and the least thought would have suggested to him that he was putting it in the power of McBride to successfully swindle someone. The pencil memorandum could easily be erased without the possibility of detection by one desiring to purchase the note. The judgment of the circuit court will be affirmed. All concur.