JOHN M. SHRIGLEY v. CHARLES BLACK *et al.*

No. 10734.

1. MORTGAGE OF DEVISED LANDS — *by devisees, including executors officially, without authority of probate court, valid against all, including executors in individual capacity.* A mortgage upon the estate of a decedent, executed by several persons who are devisees under his will, some of whom are executors of his estate and sign as such but who had no authority from the probate court to do so, is a valid instrument, binding the respective obligors, including the executors in their individual capacity, and constitutes a lien upon the respective interests of the mortgagors in the mortgaged estate.

2. MISJOINDER OF CAUSES OF ACTION — *demurrer for, held not well taken.* A demurrer for misjoinder of causes of action shown to be not well taken.

Error from Cowley District Court.    J. A. Burnette, Judge.    Opinion filed June 11, 1898.    *Reversed.*

*Beardsley & Gregory*, for plaintiff in error.

*Pollock & Lafferty*, for defendants in error.

DOSTER, C. J. This action was for the foreclosure of a mortgage upon real estate. A demurrer to the petition was sustained, upon the grounds that the facts stated were not sufficient to constitute a cause of action and that several causes of action were improperly joined. From the order sustaining the demurrer and from the judgment following it the plaintiff prosecutes error to this court.

The facts stated in the petition may be summarized as follows. Soranus L. Brettun owned the property in controversy. He died, leaving a will in which Margaret Brettun, his wife, and Charles C. Black were named as executors. The will made certain provisions for the widow different from the statutory allowance. She elected to take under the statute and not under the will. The will also gave an interest in the estate to Black, one of the executors, a life interest in certain parts of it to Brettun Crapster and Caroline L. Bangs, defendants, with remainder to certain minor children, also named as defendants. The estate was involved, the property in question was encumbered with liens for material used in the construction of buildings, and valuable personal property of the estate was pledged as collateral. The executors and all of the adult devisees under the will, including the widow, joined in a mortgage to secure five thousand dollars which they borrowed for the benefit of the estate. The petition allleged :

"That it was the intention of all the parties at the time, that the said mortgage should convey all of the interest of each of the parties thereto, viz., Charles C. Black, Margaret Brettun, Brettun Crapster, and Caroline L. Bangs, as well as any interest of the estate of Soranus L. Brettun, deceased, which said parties or either of them might convey ; that in the mortgage so prepared and executed, Charles C. Black, the executor, Margaret Brettun, the executrix, Brettun Crapster and Caroline L. Bangs, heirs of Soranus L. Brettun, deceased, were named as grantors on the face of the papers, and therein they covenanted that they were seized of a good and indefeasible estate of inheritance in said land, free and clear of all encumbrances, and that they would warrant and defend the same in the peaceable possession of the grantees therein, their heirs and assigns forever, against the lawful claims of all parties whomsoever ; intending in and by said mortgage, as evidenced by the terms

thereof and the covenant above quoted, to convey each and every interest in said property which they might convey to the effectual fulfilment of the said covenants of warranty above recited, and by said mortgage to create a first lien on the fee simple title to said real estate ; it being believed by all the mortgagors and the mortgagees that said instrument had that effect.''

When this mortgage matured it was renewed by a new mortgage with like covenants. When the second mortgage matured, another, for seven thousand dollars, was made, to continue the same indebtedness and to provide for clearing up interest and taxes. This was signed by the same parties as before, the wife of Black joining, in addition. The same covenants of title and the same warranty were made ; and the allegations of the petition were that the mortgage was made with the same intent as the first. The mortgage and notes first executed were bought by the plaintiff, for whose benefit all the renewals were made, and who is the owner and holder of the outstanding notes and mortgage. Upon the maturity of the seven-thousand-dollar mortgage and note, an extension agreement was entered into, signed by Charles C. Black, Caroline L. Bangs and Arthur, her husband, Brettun Crapster and Jennie, his wife. Margaret Brettun had in the meantime died, and the defendants last named, in addition to the interests in the estate previously possessed by them, had become her heirs at law.

The parties signing the extension agreement covenanted in it that they were the lawful owners of the premises described in the mortgage, and they bound themselves to pay the interest and principal of the debt so secured and extended ; and in consideration of the extension agreement and the covenants to it, the plaintiff agreed to extend the time of payment of

the loan and gave the parties the privilege, not contained in the original mortgage, of paying five hundred dollars or any multiple thereof before maturity. All the mortgages were signed by Charles C. Black as executor, and Margaret Brettun as executrix. The extension agreement was signed by Black without an affix of his title. The petition alleged that all the parties to the several instruments signed them as principal obligors; alleged the failure to pay the seven thousand dollars according to the terms of the extension agreement, or to pay the interest thereon, the failure to pay taxes, and other breaches of the terms of the outstanding mortgage; and also alleged that the interest of all the defendants was junior to the plaintiff's lien under his mortgage. The prayer was for judgment against the parties signing the note and extension agreement and for foreclosure of the mortgage, together with a prayer that, upon such foreclosure, the interest of all the defendants be barred.

It is first contended by the defendants in error that no obligation arose out of the foregoing state of facts, because the executors could not bind the estate; that the obligors other than the executors must be regarded as sureties, and inasmuch as the principals cannot be held the sureties must likewise be discharged. The abstract legal propositions advanced by the defendants in error are no doubt sound. The executors had no authority, without an order of the probate court, to borrow money upon the credit of the estate, nor to execute the mortgage in their trust capacity. Nor can a surety be held in cases where the obligation is not enforceable against the principal. The defendants in error, however, overlook the fact that the executors bound themselves in their individual capacity, and, having done so, bound their interests in the land in

1. Mortgage by devisees and executors valid, when.

question as devisees of Soranus L. Brettun. The general rule is that if an agent makes a contract which he has no authority to make he binds himself personally to the fulfilment of his engagement. *Frankland v. Johnson*, 147 Ill. 520 ; *Myers Tailoring Co. v. Keeley*, 58 Mo. App. 491 ; *Gestring v. Fisher*, 46 Mo. App. 611. This general doctrine is of application to the case of an executor or administrator who without authority undertakes to bind the estate of the decedent. The executor or administrator "cannot, by virtue of the general powers of his office, make any contract which will bind the estate, and authorize a judgment *de bonis decedentis*. The only effect of such engagements is to bind himself individually." 7 Am. & Eng. Encyc. Law, 299.

"The legal doctrine is well known, and is to be found in any of the usual text-books. Thus, Mr. Daniel, in his work on Negotiable Instruments, § 262, says : 'An administrator or executor cannot bind the decedent's estate by any negotiable instrument; he can only bind himself personally, even if he adds to his own name the designation of his office.' . . . Accepting this as the undoubted rule, it is plain that the defendant in this case, by becoming the maker of these notes, imposed upon himself a purely personal liability." *Hellier v. Lord*, 55 N. J. Law, 367.

The rule being as thus stated, it follows that the mortgagors, and signers of the extension agreement, bound whatever interests they had, either as devisees or as heirs, in the estate of Soranus L. Brettun. These considerations also dispose of the objection that the parties, other than the executor and executrix, being sureties, cannot be held. As a fact, according to the allegations of the petition they were not sureties but were principals. They had interests in the mortgaged estate. Along with the others, they pledged their interests as security. They were not strangers

extending a friendly accommodation. Besides, the obligation does not fail as to those of whom the assertion of principalship is made. As to them it fails only in the capacity they assumed to sign. In their capacity as individuals it does not fail at all.

The claim of misjoinder of causes of action is also without merit. There was but one cause of action.

**2. Demurrer to misjoinder held wrong.** There was not a cause of action upon the last of the mortgages and one upon the extension agreement, nor was there one against the executors in their trust capacity and one against them as individuals, and another against the other adult obligors, and still another against the other parties defendant. The transaction of borrowing, mortgaging, renewing, and extending, was a single transaction so far as all the defendants were concerned. Besides, if the view of defendants in error were correct, if there were several causes of action stated in the petition, they were nevertheless stated in form as one, and the proper practice would have been to file a motion to separately state and number the supposed different causes of action, not to demur to them as though they were separately stated but improperly united.

The judgment of the court below is reversed with directions to overrule the demurrer.