THEODORE C. LINK, Respondent, v. WILLIAM PRU-
FROCK, Appellant.

### St. Louis Court of Appeals, November 20, 1900.

1. **Instruction:** PRACTICE, TRIAL: PRACTICE, APPELLATE: NON-PREJUDICIAL ERROR. An error in an instruction which is non-prejudicial does not warrant a reversal of the case.

2. ————: ————: ————: JURY: VERDICT. In the case at bar the jury was not misled by the instruction, and the jury could not have rightly found any other verdict than the one they did find.

3. **Error, Confession of:** REMITTITUR: PRACTICE, TRIAL: PRACTICE, APPELLATE. Respondent may confess an error giving him an excess of interest on a demand, or the court may order a remittitur, when the excess of the award is readily ascertainable.

Appeal from the St. Louis City Circuit Court.—*Hon.
John A. Talty,* Judge.

REVERSED AND REMANDED (*conditionally*).

*John A. Harrison* and *Collins & Jamison* for appellant.

(1)   Whatever view may be taken of the merits of the case, this court will reverse and remand the case because the verdict is excessive. The court should have instructed the jury to allow interest only from the bringing of the suit, which the court attempted to do but fixed the date more than a year before. Instead of that, the instruction of the court required the calculation of interest by the jury, in case they found for plaintiff, as of March 20, 1894, which prejudiced

defendant in that it required the interest to be calculated from a time before the work was done or any order given therefor. Moreover, the jury followed this instruction, as will be observed from the fact that the verdict was for the full amount sued for, with interest from March 20, 1894. This was error. (2) The instructions of the court were erroneous. Defendant excepted to the same when given, and, therefore, the case must be reversed. (3) The instructions of the court were erroneous in that the jury were told thereby in effect, that they might find for plaintiff, even though they find and believe from the evidence that the plans or sketches in question had not been originally ordered by defendants, provided they found that the plans had afterwards been accepted by them. There was no evidence on which to base any such instruction.

*Frederick A. Wind* for respondent.

(1) Judgment should not be reversed and cause remanded for error made by court in directing interest from 1894 instead of 1895. Because (a) the amount is less than cost of retrial. Hudson v. Burke, 48 Mo. App. 314; State ex rel. v. Still, 11 Mo. App. 283. (b) It does not appear that the attention of the court was specifically called to the error. Conway v. City, 9 Mo. App. 488. (c) Plaintiff can enter a remittitur in this court. McCullough v. Phoenix Ins. Co., 113 Mo. 606; Myers Tailoring Co. v. Keeley, 58 Mo. App. 491. (2) This court having decided on the former appeal of this cause (80 Mo. App. 592) that there was evidence to submit to the jury concerning acceptance of plans, etc., that question can not be again raised on this appeal. Feurt v. Ambrose, 34 Mo. App. 360; Hombs v. Corbin, 34 Mo. App. 393; Lancaster v. Elliott, 42 Mo. App.

503; Shoninger v. Day, 61 Mo. App. 366; Hickman v. Link, 116 Mo. App. 123. The case having been tried in accordance with the law as settled on former appeal, judgment should be affirmed with damages. Reber v. Mo. Pac., 38 Mo. App. 646.

BLAND, P. J.—On March 18, 1895, plaintiff filed before a justice of the peace in the city of St. Louis the following account for suit, to-wit:

"Theodore C. Link, Architect, Equitable Building,

St. Louis, Mo., March 1, 1895.

Messrs. Westermann & Prufrock, City:

1894.  To professional services; making plans and elevations of barroom for Union Station Hotel ..............................$150 00

From the justice's court the cause was taken to the circuit court by appeal, where on a trial *de novo* plaintiff recovered a judgment, from which defendants appealed. This judgment was reversed and the cause remanded for error appearing in the instructions given at the instance of plaintiff (80 Mo. App. 592). After the reversal and before the second trial, Westermann died, and the suit as to him was dismissed, and thereafter prosecuted against Prufrock alone. On the second trial in the circuit court plaintiff again recovered judgment; defendant appealed.

For a reversal of the judgment the appellant again assigns as error the giving of illegal instructions on behalf of respondent.

I.  The instructions in which it is insisted by appellant that error appears reads as follows:

"No. 1.  The jurors are instructed that this suit was originally brought against J. P. Westermann and William Prufrock; the death of the defendant, Westermann, has been

suggested, and the suit dismissed as to him, leaving William Prufrock the only defendant. Now, gentlemen, you are instructed that if you believe and find from the evidence that at the time in question said Westermann and Prufrock were interested in a joint business venture to lease the Terminal Hotel, including the barroom in said Terminal Hotel building, and if you further believe and find from the evidence that the plaintiff, Link, at the instance and request of said Westermann and Prufrock, or either of them, prepared certain plans and sketches for the interior of the said barroom; or if you believe and find from the evidence, without being requested so to do, the plaintiff prepared such plans or sketches for said barroom and thereafter exhibited them to said Westermann and Prufrock, who thereupon examined the same and thereupon they, or either of them, suggested that certain changes be made and requested that plaintiff complete the same, and that plaintiff, in accordance with such request, proceeded with said work until stopped by said Westermann and Prufrock, or either of them, then your verdict should be for plaintiff. On the other hand, if you do not so believe and find, or if you believe and find from the evidence that the request of Westermann and Prufrock, or either of them, if you believe and find from the evidence there was such a request that plaintiff perform said work in making said plans or sketches, was conditioned upon the obtaining a lease to said hotel and barroom, that is to say, that they desired him to do said work only in the event of their securing a lease to said premises, and if you further believe and find that they, and neither of them, ever secured a lease to either said hotel or barroom, then your verdict should be for the defendant.

"No. 2. If you find for the plaintiff, your verdict should be for such a sum as you believe and find from the evidence is the reasonable value of the work done by plaintiff for de-

fendant (not, however, for more than $150, the amount sued for), with interest at the rate of six per cent per annum from the twentieth day of March, 1894, the date of service of summons in this suit to this time. If you find for the defendant, your verdict must simply so state."

The error pointed out in the first instruction is found in the second alternative clause thereof, which in effect told the jury that if Link of his own motion prepared the plans, etc., and that after their preparation Westermann and Prufrock inspected and approved them, etc., and promised to accept and pay for them, then they should find for plaintiff. The contention is that there is no evidence to support this clause of the instruction. The contention is well grounded, for the bill of exceptions fails to disclose any evidence whatever in support of the hypothesis that Link, without being first employed by Westermann and Prufrock to draw the plans, etc., did make them of his own motion. In reply to this objection to the instruction, respondent insists that this court on the former appeal found testimony in support of this theory of the case, and that the evidence on the last, is substantially the same as on the first trial in the circuit court. This feature of the evidence was not discussed or passed on on the former appeal, as will appear from the opinion found in 80 Mo. App., page 592.

II. The case has been twice tried by a jury in the circuit court with the same result. The evidence clearly and undoubtedly preponderates in favor of the respondent, to the effect that he was employed by Westermann and Prufrock to do the architectural work, which he did, and for which he sues. He so testified, and is corroborated by four disinterested witnesses, and by all the circumstances developed on the trial. Westermann and Prufrock deny the employment, but they are uncorroborated by any witness; on the contrary,

they are contradicted by the disinterested witnesses and by the circumstances therein surrounding the transactions in which they were then engaged and out of which the employment grew. It is manifest to us that the judgment is for the right party and should not be reversed for an error in an instruction which we do not think misled the jury. The error was non-prejudicial and does not warrant a reversal. Whitehead v. Atchison, 136 Mo. 485; Sullivan v. Jefferson Avenue Ry. Co., 133 Mo. 1; Homuth v. Metropolitan R. R. Co., 129 Mo. 629; Jones v. Pundstone, 102 Mo. 240; Scotland Co. Nat. Bank v. O'Connel, 23 Mo. App. 165. On the whole evidence the respondent was entitled to recover. The jury could not have rightly found any other verdict than the one they did find. For this reason the error was harmless, and the judgment should be affirmed. Barkley v. Cemetrey Ass'n, 153 Mo. 300; Nelson v. Foster, 66 Mo. 381; Rowell v. St. Louis, 50 Mo. 92; Fields v. Wabash R. R. Co., 80 Mo. App. 603.

III. The error pointed out in the second instruction is that it directed the jury, if they found for plaintiff, to allow him six per cent interest per annum on the amount found due on his account from March 20, 1894, when the evidence is that no demand of payment was made, until made by the commencement of the suit March 18, 1895, and that the jury as shown by their verdict, found the full amount sued for and added six per cent interest per annum thereon from March 20, 1894. The respondent confesses the error and an excess of award of one year's interest on $150, and suggest that the excess may be remitted here. That he may do so, or that the court may order a remittitur, when the excess of award is readily ascertainable, is the well settled practice of the appellate courts of this state. McCullough v. Phoenix Ins. Co., 113 Mo. 606; Myers Tailoring Company v. Keeley, 58

Mo. App. 491. The excess of the judgment is by both parties admitted to be $9. If, therefore, the respondent will, within ten days after the filing of this opinion, remit the sum of nine dollars from the recovery, the judgment for the balance will be affirmed, otherwise the judgment will be reversed and the cause remanded for retrial. It is so ordered. All concur.