## WEBB v. WINTER et al.*

### Sac. No. 815; July 29, 1901.

#### 65 Pac. 1028.

**Will.**—A Husband Owning Community Property died, and by his will left all his property to his wife for life, remainder to his children. She borrowed money, and mortgaged the premises as if owner in fee. Held, that on foreclosure the purchaser acquired the widow's undivided one-half and her life estate in the other half.

**Mortgage—Community Property.**—Where Property is Sold on Foreclosure of a mortgage executed by a widow, who owned one-half thereof as community property and the other half for life under her husband's will, of which she was executrix, the remainder being devised to their children, the purchaser at such sale cannot acquire title to the interest of the children by adverse possession, pending administration of their father's estate, or without giving notice that he claimed absolute title to the whole property.

**Mortgage—Life Estate.**—In an Action to Foreclose a Mortgage given by the owner of an undivided half of the premises and life estate in the other half, the owners of the remainder after expiration of the life estate were made parties defendant and defaulted. Held, that the foreclosure sale conveyed only the interest of the mortgagor, and did not affect the title of the other parties.

**Will—Power of Sale.**—Where a Will Authorizes the executor to sell the property, if necessary for support of the widow and children, such authority does not include power to mortgage.

**Ejectment.**—A Demand is not Necessary Before Bringing suit to recover land, where defendants deny plaintiff's title, and set up title in themselves.

APPEAL from Superior Court, Tehama County; Edward Sweeny, Judge.

Action by Earll H. Webb, administrator with the will annexed of the estate of John E. Church, deceased, against Mary Winter and another. From the judgment for plaintiff and from an order denying a new trial defendants appeal. Affirmed.

H. P. Andrews (Grove L. Johnson of counsel) for appellants; Webb & Espey for respondent.

*For subsequent opinion in bank, see 135 Cal. 455, 67 Pac. 691.

COOPER, C.—This action was brought by plaintiff, as administrator with the will annexed, to recover from defendants possession of lot 22, block 12, in the town of Red Bluff. The case was tried before the court, findings filed and judgment entered for plaintiff. Defendants made a motion for a new trial, which was denied, and this appeal is from the judgment and order denying the motion. There is practically no controversy about the facts, which are substantially as follows: John E. Church, during his lifetime, was the owner of the premises described in the complaint, the same being community property. On January 13, 1886, said Church died, leaving a will, by the terms of which he appointed his wife, Elizabeth, executrix without bonds. He left surviving him, besides his widow, two children—Flora C. Pryor, a daughter, and E. C. Church, a son. By the terms of the will the deceased left all his property to his surviving wife during her life, and at her death to be equally divided between his children. The will authorized the executrix, if necessary for the support of herself and children, to grant, bargain, sell and dispose of all of said estate at private sale, without any order of court therefor. Elizabeth Church qualified as executrix, letters were issued to her, and she continued executrix until her death, September 22, 1898. On February 21, 1890, the said Elizabeth Church borrowed $2,500 from defendant Mary Winter, and also $2,500 from George G. Winter, her husband. To secure the said loans, she, without any order of court, and in her individual capacity, executed mortgages to said defendant Mary Winter, and to her husband, George G. Winter, upon said premises, which were described in said mortgages as though said Elizabeth Church were the owner in fee thereof. George G. Winter subsequently died, and defendant Mary Winter succeeded to his title, thus becoming the owner of both mortgages. The indebtedness not having been paid, nor the interest, the defendant Mary Winter, in 1893, commenced proceedings to foreclose the said mortgages, making Elizabeth Church in her individual capacity defendant. The two surviving children, Flora C. Pryor and E. C. Church, who were then each of lawful age, were also made defendants, the complaint alleging that they had, or claimed to have, some interest in or to said premises, which interest was alleged to be subsequent to and subject to plaintiff's lien. The defend-

ants in said foreclosure proceedings each made default, and on June 26, 1893, a decree of foreclosure was duly entered in favor of plaintiff therein and against said Elizabeth Church, E. C. Church and Flora C. Pryor. On August 30, 1893, the premises were sold to defendant Mary Winter by virtue of the said decree and order of sale, and a certificate of sale issued and delivered to her, and she thereupon entered into, and ever since has remained in, possession by herself and her tenant, Sobel, who is made a codefendant herein. On March 2, 1894, a deed was issued to defendant Mary Winter by the commissioner who made the sale under the foreclosure proceedings. Since her purchase on August 30, 1893, defendant Mary Winter has paid the taxes levied and assessed upon the premises, except the second installment of taxes for the year 1898, which were paid in November, 1898, by the plaintiff herein. On September 22, 1898, the said Elizabeth Church died, leaving the estate in process of settlement. At the time of her death there had been no distribution, and no final account filed or settled. On November 19, 1898, the plaintiff was appointed administrator with the will annexed of the said estate, letters were issued to him and he ever since has been such administrator. This action was commenced July 31, 1899.

It is provided in section 1452 of the Code of Civil Procedure: "The executor or administrator is entitled to the possession of all the real and personal estate of the decedent, and to receive the rents and profits of the real estate until the estate is settled, or until delivered over by order of the court to the heirs or devisees; and must keep in good tenantable repair all houses, buildings, and fixtures thereon which are under his control. The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real estate, or for the purpose of quieting title to the same, against anyone except the executor or administrator; but this section shall not be so construed as requiring them so to do." And in section 1581: "The executor or administrator must take into his possession all the estate of the decedent, real and personal, and collect all debts due to the decedent or to the estate. For the purpose of bringing suits to quiet title, or for partition of such estate, the possession of the executors or administrators is the possession

of the heirs or devisees; such possession by the heirs or devisees is subject, however, to the possession of the executor or administrator, for the purposes of administration, as provided in this title.'' The property belongs to the estate of John E. Church, deceased. The estate has not been settled, nor has the property been delivered over to the heirs or devisees. The said Elizabeth Church was the owner, subject to administration, of an undivided one-half of said property as community property, and of the whole of it during her lifetime. The mortgage was a conveyance, by way of security, of all her title, subject to the ordinary purposes of administration, to the claims of creditors, and the expenses of administration. The sale under the foreclosure of the mortgage related back to, and conveyed the title of, Elizabeth Church, as devisee and heir of her deceased husband, which she had at the time she executed the mortgage. The mortgage was of the title and right of the mortgagor—no more, no less. She could mortgage her own interest in the property. She could not mortgage the interest or title of others, except by order of court, which she did not have. The defendant Mary Winter, by purchasing at the foreclosure sale, succeeded to all the title of Elizabeth Church in and to the property, but not to the title of Flora C. Pryor or E. C. Church. They did not mortgage their interest, and Elizabeth Church did not, because she possessed no such power. Great stress is placed upon the claim that defendant Mary Winter has acquired title by adverse possession. We think the claim cannot be maintained in this action. Elizabeth Church was not the sole owner of the property, but only a tenant in common with the children, the whole thereof being subject to administration. Defendant Mary Winter, by the foreclosure, has only succeeded to the rights of her mortgagor as one of the heirs. The law charges her with notice of the fact that her mortgagor was not the sole owner of the property, but only a tenant in common with her children. In such case as successor in interest of all of the heirs, she cannot acquire title by adverse possession pending administration: In re Grider, 81 Cal. 571, 22 Pac. 908; Dunn v. Schell, 122 Cal. 627, 55 Pac. 595. Elizabeth Church held the property in trust for the purposes of administration and for the children named in the will. Although holding the property as trustee, she also held an interest in it in her

own right. By the loss of this interest, through mortgage and foreclosure, she did not destroy the interest she held as trustee. She never repudiated the trust, or gave notice of repudiation. Defendant Mary Winter took the title of Mrs. Church subject to the trust created by the will. She never gave any notice to the representative of the estate in her official character, nor to the children named in the will, of any claim to the property as absolute owner. By the foreclosure proceedings she could not affect any title of the children paramount to the mortgage. As she did not, in such foreclosure proceedings, make the executrix of the estate of Church in her official capacity defendant, we must presume she was not claiming as against the representative of the estate. The foreclosure of the mortgage, given by the executrix as an individual, is perfectly consistent with the property still retaining its trust character as to the estate and the other heirs.

It is urged that the children are estopped by the foreclosure decree, as they were of age, and made default. But this position cannot be maintained. The children did not appear and put in issue their title. It is well settled that a sale under foreclosure proceedings transfers the title as it existed at the date of the mortgage, and that any paramount title existing at the date of the mortgage in third parties is not affected by the decree of foreclosure. It only forecloses the title of the mortgagor and any rights that have accrued subsequent to the making of the mortgage: McComb v. Spangler, 71 Cal. 422, 12 Pac. 347; Ord v. Bartlett, 83 Cal. 429, 23 Pac. 705; Sichler v. Look, 93 Cal. 602, 29 Pac. 220.

The claim that the clause in the will authorizing the executrix to sell the property was sufficient authority to authorize the execution of the mortgage cannot be upheld. The deceased, while willing that the property might be sold, if necessary, for the support of his children and his widow, might not have been willing that it should have been mortgaged. A sale is supposed to be a transfer for full value. A mortgage is a conveyance by way of security, and may result in the loss of the property for only a small part of its value. It is said by Woerner, in his work on the American Law of Administration, second edition, volume 2, pages 731, 732, section 345: "It may be stated, as a general proposition, that neither

executors, unless specially thereto authorized by will, nor administrators, have the power to bind the estate of the deceased by borrowing money. . . . . The power to sell real estate, given in a will, does not necessarily include the power to mortgage it. Such a power must be exercised to the extent and in the manner specified. It must accomplish the purposes had in view by the testator." To the same effect are the following authorities: 2 Perry on Trusts, sec. 768, and cases cited in note 4; Hoyt v. Jaques, 129 Mass. 286; Golinsky v. Allison, 114 Cal. 460, 46 Pac. 295; Hawxhurst v. Rathgeb, 119 Cal. 532, 51 Pac. 846.

The eighth finding is supported by the evidence, except that the court finds that the mortgages were made to defendant Mary Winter. One of them was made to her husband; but, as she afterward became the owner of it, the finding is wholly immaterial. The result would be the same if the fact had been found precisely as it was.

Finally, it is claimed that finding 13, to the effect that plaintiff made demand upon defendants for possession of the property November 19, 1898, is not supported by the evidence. Counsel say in their brief, "Demand was only made before the beginning of the suit, and no date is given in the evidence." The date is wholly immaterial. If demand was necessary, it could be made any time before beginning suit. In this case, as the defendants deny plaintiff's title, and affirmatively set up title in themselves, no demand was necessary. The judgment and order should be affirmed.

We concur: Smith, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.