GAER ET AL., APPELLANTS, *v.* BANK OF BAKER, RESPONDENT.

(No. 8,087.)

(Submitted October 18, 1940.   Decided November 29, 1940.)

[107 Pac. (2d) 877.]

*Mr. Al Hansen,* for Appellants, submitted an original and a supplemental brief, and argued the cause orally.

*Mr. D. R. Young,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from a judgment in favor of the defendant bank in an action brought to set aside a mortgage held by the defendant against the estate of E. J. Anderson, deceased, and

to set aside the court's order purporting to authorize the administratrix of the estate to execute the mortgage and for an accounting.

The decedent, a resident of Fallon county, died intestate in March, 1927. He left a widow and children. His estate consisted of real estate as well as personal property. His widow was appointed administratrix and letters were issued to her in October, 1927. The probate proceedings are still pending in the district court of Fallon county.

On November 7, 1927, an order was made by the district court allowing the administratrix $100 monthly as a family allowance to be paid from the estate. On February 24, 1928, a petition was filed by the administratrix reciting that she, as administratrix, had borrowed $300 from the Bank of Baker for family maintenance and that two creditors' claims aggregating $393.92 had been presented and allowed, and that there was no money available for either family allowance or payment of the claims. The petition asked authority to borrow sufficient money from the Bank of Baker to pay the family allowance and the creditors' claims. On March 3, 1928, the district court made an order authorizing the administratrix to borrow on behalf of the estate the sum of $1,200 for the purposes set forth in the petition. Subsequently, according to the petition filed by the administratrix, she borrowed from the Bank of Baker $1,000, and from time to time borrowed from it additional funds so that on the 28th of February, 1933, the total amount due the bank with accumulated interest was $1,658.40. The attorney who represented the administratrix in the probate proceedings ceased to be her attorney some time in 1933, the exact time not appearing.

Early in 1933, the cashier of the Bank of Baker informed the administratrix of the condition of the indebtedness and demanded payment or security. He suggested a loan to be secured by executing a real estate mortgage. According to the cashier's testimony, the administratrix replied that she could not pay the indebtedness and could not pay for the expense of getting a court order for the loan. The cashier then offered

the services of the bank's attorney, who prepared the necessary petition to have the real estate mortgaged. The administratrix verified the petition on April 18, 1933, and it was filed on June 7, 1933. On the same date an order to show cause was issued and thereafter published. The date of hearing was fixed for June 24, 1933. The petition was not presented on that date and it was not until June 30, 1934, at a time when the administratrix was absent from the state, that the petition was presented to the district court. On that date the court signed an order authorizing the administratrix to borrow sufficient money to pay the indebtedness and execute and deliver a mortgage therefor. Pursuant to this order the administratrix executed a note and mortgage to the Bank of Baker in the amount of $1,800. Since that time nothing has been paid, so that the alleged indebtedness is now over $2,000.

This action is brought by the administratrix and two of the heirs to set aside and cancel the mortgage and to set aside the court's order authorizing it. The court found for defendant and the plaintiffs appealed. They question the court's order and the validity of the mortgage executed in pursuance of it. The principal attack upon the order is based upon the contention that the judge who signed it was disqualified from so doing by reason of the fact that he was a stockholder, director and vice-president of the bank at the time the order was made.

Plaintiffs rely upon section 8868, Revised Codes, the applicable parts of which are as follows: "Any justice, judge, or justice of the peace must not sit or act as such in any action or proceeding: 1. To which he is a party, or in which he is interested."

The great weight of authority sustains the view that stock ownership in a corporation by a judge disqualifies him from acting in a case wherein the corporation is interested. (*City of Vallejo* v. *Superior Court of Napa County*, 199 Cal. 408, 249 Pac. 1084, 48 A. L. R. 610, and cases cited in note on page 618 of 48 A. L. R., and 33 C. J. 995.)

While there is some conflict among the authorities as to whether an order or judgment entered by a disqualified judge

is void or only voidable (see 15 R. C. L. 542], it is clear that under a statute such as ours, which prohibits a judge who is interested from sitting or acting, any judgment or order rendered or made by such judge is without jurisdiction and void. (See 15 R. C. L. 542; 33 C. J. 1023, note 65.) The rule is again stated in the note in 57 A. L. R. 295, wherein it is said: ''The recent decisions substantiate the rule stated in the earlier annotation, that, where a statute providing what shall disqualify a judge provides also that a judge shall not sit in a case wherein he is thus disqualified, the disqualification goes to the jurisdiction, and cannot be waived by the parties.'' It follows that the order authorizing the mortgage in this case, so far as it constitutes authority to execute the mortgage to the defendant bank, was void on account of the disqualification of the judge who made it.

It is contended by the defendant that, since no objections were filed to the making of the order, its making was merely a formal matter which the judge could make though disqualified. This contention cannot be sustained. The judge must be satisfied of the truth of the allegations of the petition even though no objections be made or filed. He must still determine the amount to be borrowed and the amount of property that must be mortgaged. (Sec. 10253, Rev. Codes.) It is his duty to protect all the heirs even though no objection be presented.

The defendant relies upon the case of *State ex rel. McCormick* v. *Woody,* 14 Mont. 455, 36 Pac. 1043. That case held that a judge who was a creditor of the estate was not disqualified from hearing a petition for the removal of the administratrix. That case does not reach the point before us. We can readily understand that the mere fact that the judge was a creditor of the estate would not make him interested in the question of who the administrator should be. On the other hand, he would be interested in the question whether the claim of a corporation in which he owned stock should be secured by mortgage.

Defendant also relies upon the case of *Regents of University of California* v. *Turner,* 159 Cal. 541, 114 Pac. 842, Ann. Cas. 1912C, 1162, in which it was held that the fact that the judge

who appointed an administratrix was a creditor of the estate did not disqualify him in making the appointment. That case, too, does not reach the point before us.

It should be said that the order here does not of itself specifically authorize the mortgage to be made to the Bank of Baker. However, if it is not broad enough to authorize the mortgage to the Bank of Baker, then the mortgage is invalid for want of an order authorizing it. But it does not follow that the mortgage is invalid *in toto*. The mortgage is valid as to the interest which the administratrix has, or may have, in the property of the estate. (24 C. J. 197; *Shrigley* v. *Black*, 59 Kan. 487, 53 Pac. 477; *Webb* v. *Winter*, 6 Cal. Unrep. 768, 65 Pac. 1028.)

Plaintiffs allege fraud in the procurement of the petition for authority to mortgage and in procuring the execution of the mortgage by the administratrix. These questions have been resolved by the district court in favor of the defendant and we see no reason for a contrary finding.

It does not follow that the bank is without recourse in establishing and enforcing whatever indebtedness is owing to it by the estate. (See 24 C. J. 196, sec. 702.) Defendant argues that plaintiffs, as a matter of equity, should be required to do equity by paying the amount owing the bank before the mortgage may be set aside. This is not a prerequisite to the right to have the mortgage set aside. The amount owing to the Bank of Baker represents costs and expenses of administration of the estate and constitutes a charge upon the property of the estate; hence, while plaintiffs are entitled to have the mortgage set aside, this does not prevent the defendant bank from establishing and enforcing payment of the indebtedness due it out of the property of the estate in the order named in the statutes. (See secs. 10147, 10307 and 10310, Rev. Codes.)

The cause is remanded, with directions to modify the judgment in accordance with the views herein stated. Each party shall pay its own costs of this appeal.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.