IN RE ANDERSON'S ESTATE. JENSEN, ADMINISTRA-TRIX, APPELLANT, *v.* BANK OF BAKER, RESPONDENT.

(No. 8,230.)

(Submitted January 12, 1942. Decided March 6, 1942.)

[122 Pac. (2d) 832.]

*Mr. Al Hansen,* for Appellant, submitted a brief and argued the cause orally.

*Mr. D. R. Young,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

This is an appeal by the present administratrix of the estate of Elmer J. Anderson, deceased, from a probate order made upon the petition of the respondent, Bank of Baker, a creditor of the estate, for the sale of real property constituting all of the remaining assets. In effect it is a continuation of the general controversy which came to this court as *Gaer et al.* v. *Bank of Baker,* 111 Mont. 204, 107 Pac. (2d) 877, designated as Cause No. 8087 and again as Cause No. 8262, *ante* p. 116, 122 Pac.. (2d) 878, today ordered dismissed.

The petition for the sale of the real estate alleges that the petitioner is a creditor of the estate in the sum of $3,384.27 for money advanced at her request to Mrs. Westrope, the original administratrix of the estate, for expenses of administration and taxes together with interest thereon; that the amount was estab-- lished as owing by the modified judgment theretofore entered (being the judgment entered after remittitur in the civil suit on the first appeal referred to above); that no part of the sum has, been paid; that Mrs. Westrope has filed her account as admin- istratrix showing that all funds and moneys of the estate have been expended; that there is no personal property of the estate in her possession and that the only remaining asset is the real property in question; that the latter is the only source to which petitioner might look for the payment of the indebtedness due,. and that the best interests of the estate and all persons inter- ested therein require that the property be sold for the purpose of providing funds for the payment of the expenses of administra- tration; that the property is worth approximately $2,500 and is. clear of encumbrance.

In her objections to the petition, Doris B. Jensen, the present administratrix, denied that the petitioner was a creditor, on the ground that it had obtained a decree for the foreclosure of its mortgage and an order of sale and had itself bid in the prop-- erty at sheriff's sale for the net amount of $2,735,78, which was credited on the judgment, leaving a deficiency of only

$648.49; that the petitioner was estopped to attack the validity of the sale and was bound by its bid; that it had had a receiver appointed pending the foreclosure proceedings, had received $144.92 from the receiver and $170.18 during its own possession of the property after the sheriff's sale, or a total of $315.10; that the estate was entitled to three times that amount, or $945.30, as treble rent for the petitioner's unlawful possession of the premises; that this amount exceeded the deficiency judgment and that the respondent was therefore a debtor and not a creditor of the estate. She also contended that the petition was premature because a motion was pending in the district court to amend the amended judgment entered subsequent to the remittitur on the first appeal referred to above.

At the hearing in the trial court it was stipulated that the complete files in the probate matter and the civil cause above referred to be received in evidence and that no part of the estate's indebtedness for the bank's advances for expenses of administration adjudicated in the judgment and amended judgment had been paid.

No objection is made concerning the court processes leading up to the hearing, and there is no contention that the petition for order of sale does not state the jurisdictional facts. The objections of the administratrix raise three points.

The first contention is that the mortgage was held invalid only as to the estate and not as to Mrs. Westrope personally; that the sheriff's sale was therefore not void *in toto* but only as to the estate; that the creditor is bound by its bid of $2,735.78 and that the debt has therefore been reduced to the deficiency judgment of $648.49. It is unnecessary to inquire into the law and equity of these contentions, for Mrs. Westrope was not a party to the suit in her personal capacity. The decree did not purport to foreclose any personal interest she may have had in the property, nor to authorize its sale by the sheriff, and both the decree and the sale affected only the estate's title. The mortgage having been held void as to the estate, both the foreclosure order and the sheriff's sale were void *in toto*.

The entire judgment stands unsatisfied and the respondent is a creditor of the estate for the full amount less any offsets.

The second contention is that the respondent received $315.10 as income from the property under the foreclosure proceedings and the sheriff's sale certificate, and that the estate is entitled to thrice that amount as treble rent under section 8695, Revised Codes. That section provides: "If any *tenant*, or any person in collusion with the tenant, *holds over* any lands or tenements after demand made and one month's notice, in writing given, requiring the possession thereof, such person holding over must pay to the *landlord* treble *rent* during the time he continues in possession after such notice."

It is not necessary to consider whether, under that section, a purchaser at a void sheriff's sale is a "tenant" who "holds over any lands" or the mortgagor is a "landlord," and if so whether the income the purchaser may have received during such holding is "rent"; for there is no allegation or evidence that any such notice as the section requires was given or that the $315.10 or any part thereof accrued or was received by the respondent after such notice.

The respondent has reported the receipts and they will of course be applied against its claim, but the receipts do not cancel the claim nor turn the creditor into a debtor. They merely reduce the claim to approximately $3,069.29, which substantially exceeds the admitted approximate $2,500 value of the land. Thus the record indicates that in any event there will be nothing left for distribution after the payment of the expenses of administration, and that no one will be detrimentally affected by the order of sale.

The third point is that the petition for sale was premature in that the motion to amend the amended judgment had not yet been disposed of by the district court. If the objection were valid it might be necessary to hold the petition premature and the order of sale void in spite of the subsequent disposition of the motion. However, as has been pointed out in the companion decision rendered today dismissing the attempted appeal

from the order denying that motion, a judgment entered in the district court after remittitur is this court's judgment, and where it is contended that such judgment is not in compliance with the remittitur the remedy is by special proceeding in this court and not by motion in the trial court nor by appeal from either the new judgment or from the trial court's order denying the modification thereof. Consequently, nothing was properly pending in the district court which could affect the judgment. Furthermore, the amount or validity of the debt as established by the original judgment, this court's decision, and the modified judgment subsequent to remittitur, was not attacked by the motion to amend. All that was sought by the motion was to set aside that part of the modified judgment which vacated the foreclosure and therefore the sale proceedings. If the granting of the motion had been permissible it would not have eliminated the debt nor have reduced it sufficiently to alter respondent's right as a creditor of the estate.

No error being shown in the record, the order appealed from is hereby affirmed.

ASSOCIATE JUSTICES ANGSTMAN, ERICKSON, ANDERSON and MORRIS concur.